NEMEROFF REALTY CORP. et al., Respondents, *v.* GEORGE KERR, as
Director of Planning of the Town of Huntington, et al.,
Appellants.

Second Department, April 5, 1972.

*Nicholas La Carrubba, Town Attorney (Frank J. Mack* of counsel), for appellants.

*Corwin & Matthews (Charles T. Matthews* of counsel), for respondents.

HOPKINS, J. Petitioner 110 Manno Realty Corp. (hereinafter called "Manno") owns a parcel of 23 acres in the Town of Huntington. It has engaged in considerable litigation with the town since 1968 concerning the proper zoning of its property and has obtained a judgment that its property is zoned as a Planned Shopping Center District.[1]

In April, 1971 Manno contracted to sell the property to White Department Stores, Inc. (hereinafter called "White"), subject to the latter's ability to procure a building permit. White and its assignee, petitioner Nemeroff Realty Corp. (hereinafter called "Nemeroff") then prepared a site plan for the development of the property. Under the code of the Town of Huntington, the Director of Planning (appellant Kerr) must approve the site plan; and, in the event he does not, the code provides that the applicant may request a hearing before the Town Board, which shall review the action of the Director.

---

1. In December, 1967 the Town Board rezoned the property as a Planned Shopping Center District. The Town Clerk refused to publish a notice of the rezoning; Manno obtained a judgment directing the Town Clerk to perform his duty; and we affirmed (*110 Manno Realty Corp.* v. *Town Clerk of Town of Huntington,* 31 A D 2d 1006, mot. for lv. to app. den. 25 N Y 2d 741). The Town Board then sued to enjoin the Town Clerk from obeying the judgment and adopted a resolution rezoning the property for residential use. Manno in turn began an action to enjoin the Town Board and for a judgment declaring that its property was zoned as a Planned Shopping Center District; this relief was secured by Manno; and we affirmed the judgment in 1971 (*110 Manno Realty Corp.* v. *Town of Huntington,* 36 A D 2d 761, mot. for lv. to app. den. 29 N Y 2d 483). This proceeding was commenced in late 1971.

Nemeroff submitted the site plan to Kerr and some 56 days later[2] Kerr rejected it on the ground that it did not comply with the requirements of the code. This proceeding was then brought by Nemeroff and Manno, in which they demanded, among other things, a judgment vacating the action of Kerr and directing the approval of the site plan. The Special Term annulled Kerr's determination and ordered him to deliver the site plan application to the Town Board for approval or disapproval. Kerr and the town appeal from the judgment. In considering the merits of the appeal, we are also obliged to rule on the pre-argument motion made by Nemeroff and Manno to dismiss the appeal on the ground that it is from a nonfinal order, since we denied the motion with leave to renew on the argument or submission of the appeal.[3]

We hold that the appeal lies and that the judgment should be affirmed insofar as appealed from.

First, we observe that the motion by Nemeroff and Manno to dismiss the appeal cannot be founded on subdivision 1 of CPLR 7801, which prevents a review of a nonfinal determination of an officer or body. Nemeroff and Manno themselves initiated this proceeding. They are hardly in a position to complain that the Special Term acted favorably to them. The appeal addressed to us, moreover, is taken from the judgment of the court, not a determination of an officer or body.

The Appellate Division has wide power to review nonfinal orders and judgments (see CPLR 5701). Interlocutory judgments, as well as final judgments, are appealable. Any order which "involves some part of the merits" or "affects a substantial right" (subd. [a], par. 2, subpars. iv, v) is likewise appealable. Even if the judgment at Special Term were held to be mistakenly labeled, and in effect an interlocutory order, we think that it involves both some part of the merits and affects a substantial right. The effect of the ruling at the Special Term is that the code of the town conferring authority on the Director of Planning to approve site plans is invalid. Certainly, the decision which excises that provision from the code substantially alters the rights of the parties; and, as parties aggrieved, appellants are entitled to appeal from that part of the judgment finding the invalidity.

---

2. The code of the Town of Huntington stipulates that the Director of Planning shall act on a site plan within 60 days of the submission of the plan.

3. Nemeroff and Manno submitted a brief which does not renew the motion; nevertheless, we deal with the motion because we cannot decide an appeal from an order or judgment beyond our jurisdiction (cf. *Matter of Soros* v. *Board of Appeals of Vil. of Southampton*, 24 A D 2d 705).

That a subsequent clause of the judgment directs that the Town Board pass on the site plan does not affect appellants' right to present to this court, by appeal, the Special Term's determination concerning the validity of the code. There is an enormous difference in procedure and in the substantive rights of the parties between a direct application to the Town Board for approval of a site plan and a review by the Town Board (as the code prescribes) of the determination of the Director of Planning. Indeed, a time limitation is fixed by the code for the review to be made by the Town Board (cf. *Matter of Pansa* v. *Damiano,* 14 N Y 2d 356, 359–360). The appellate jurisdiction of a board is distinct from its original jurisdiction (3 Anderson, American Law of Zoning, § 16.05; cf. *Matter of Katz* v. *Board of Appeals of Vil. of Kings Point,* 21 A D 2d 693).

We are aware of the provisions of paragraph 1 of subdivision (b) of CPLR 5701, which prescribe that an order in an article 78 proceeding is not appealable, save by permission (cf. CPLR 5701, subd. [c]). But we conclude, for the reasons stated above, that the determination of the Special Term cannot be characterized as nonfinal. Indeed, the remand to the Town Board signified by the " order " does not affect the finality of the annulment of the action of the Director of Planning (see, e.g., *Matter of Mid-Island Hosp.* v. *Wyman,* 15 N Y 2d 374, 379; *Matter of County of Nassau* v. *Lundy,* 32 A D 2d 694, 696; cf. *Matter of Busking* v. *Kronimus,* 22 A D 2d 888). In any event, the importance of the determination of the Special Term would dictate that permission to appeal would be granted by us *sua sponte,* if that should be required.

In short, the Special Term's judgment is subject to appeal to this court and is completely dissimilar to the cases which by common-law decision, such as orders of reference to hear and report (*Manufacturers Trust Co.* v. *Madgo Realty Corp.,* 256 App. Div. 954), or rulings in the course of an examination before trial (*Kogel* v. *Trump,* 271 App. Div. 890), have been said not to be appealable, because they are preliminary to a disposition.

We turn, then, to the merits.[4] The Special Term decided that this proceeding was not premature and that Nemeroff and

---

4. We have been informed since the argument of the appeal that the Town Board, pursuant to the terms of the judgment, has rejected the site plan application, subject to the determination of this appeal. We do not consider that this action renders the appeal moot, in view of the facts (1) that the judgment in the first instance declared invalid that part of the code of the town by which the Director of Planning passes on site plans and (2) that the Deputy Town Attorney at the argument requested that we consider whether the Special Term was correct in making such a declaration of invalidity. Of course, the action of the Town Board will be subject to review in an article 78 proceeding.

Manno were not compelled to exhaust their right of review by the Town Board. Of course, if the ultimate determination of the Special Term be sustained that the code provision for submission of a site plan to the Director of Planning for approval is invalid, the review by the Town Board falls; and that remedy was not truly available to Nemeroff and Manno. The Special Term held in addition, however, that the doctrine of exhaustion of remedies in an administrative proceeding is not enforced where the pursuit of the remedy would be idle. That conclusion was reached because of the history of intransigence on the part of the town toward the development of a shopping center on the property. But we cannot anticipate that the town will continue a baseless and unreasoning opposition to the project; and the judgment of the Special Term in the end directs that the Town Board act on the application — which implicitly, at least, reflects an anticipation that the Town Board will act in good faith.

Accordingly, we think that the proceeding can only be entertained on the ground that the disapproval of the site plan by the Director of Planning cannot stand, since the Director is without power to make that determination. The exercise of zoning and planning functions by a town is purely statutory, as a delegation from the State (Town Law, § 261; *Matter of Green Point Sav. Bank* v. *Board of Zoning Appeals of Town of Hempstead,* 281 N. Y. 534, 538). The town provides for the use of the statutory delegation through the adoption of an ordinance (Town Law, § 268); and the code of the Town of Huntington is such an ordinance. The planning board is expressly authorized by statute (Town Law, § 271); and its powers are stated in the statute (Town Law, §§ 274–278, 281). A director of planning is not recognized as such by the statute, though a planning board may employ " experts, clerks, and a secretary " (Town Law, § 272).[5]

The code might have provided, by sanction of the statute, for a reference of a site plan to the planning board, but such a reference would have been advisory only (Town Law, § 274; cf. *Matter of Thurman* v. *Snowden,* 28 A D 2d 705). Here, as we have noted, the action of the Director of Planning is directed to be final, with a right of review by the Town Board. Thus, the code departs from the statute in two aspects: (1) in substi-

5. A suburban town may by local law " create, modify or discontinue departments of the town government " or " assign additional functions or duties to offices, departments or agencies " (Town Law, § 53). The code of the Town of Huntington is, however, an ordinance, not a local law.

tuting an employee for the Planning Board and (2) in making the action to be taken final rather than advisory. The question therefore becomes whether the grant of power by the State to the town within the limits described permits the Town Board by ordinance to delegate that power.

We think on both counts the ordinance represented an inordinate exercise of power. When the Legislature sets the boundaries for the municipal invocation of zoning and planning functions, we hold that the boundaries control (cf. 2 Rathkopf, Law of Zoning and Planning, p. 54–9, text for n. 13; cf. *Matter of Milton Point Assn.* v. *Clark,* 14 Misc 2d 633, 638). Though the town need not have vested an advisory power in the Planning Board, or indeed have created a Planning Board at all (*Matter of Russell Oaks, Inc.* v. *Planning Bd. of Inc. Vil. of Russell Gardens,* 28 A D 2d 569, affd. 21 N Y 2d 784), it could not be oblivious to the limits of the statutory grant in shaping its ordinance. In brief, the town could not delegate its power beyond the measure granted by the Legislature (*Matter of Bizarre, Inc.* v. *State Liq. Auth.,* 29 A D 2d 500; 1 N. Y. Jur., Administrative Law, §§ 79, 83; cf. *Ledgering* v. *State,* 63 Wn. 2d 94). That power still remains in the Town Board to apply; and the judgment correctly directs the Town Board to act on the site plan.

Hence, we affirm the judgment insofar as appealed from, with $10 costs and disbursements.

RABIN, P. J., MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.

Judgment of the Supreme Court, Suffolk County, entered January 7, 1972, affirmed insofar as appealed from, with $10 costs and disbursements.