John W. Sweeny, J.
This is an article 78 proceeding in which a judgment is sought annulling the decision of the respondent board whereby petitioner’s application for ap *235 proval of a one-story addition to its existing commercial site was denied.
Petitioner is the owner of a one-story commercial building in the Town of Orangetown. The structure presently contains seven stores. Petitioner applied to the respondent planning board for the approval of an extension to said structure in order to add an eighth store. The proposal complies with all the requirements of the town’s zoning code except that it will create insufficient accessory parking with the addition of the eighth store. Petitioner proposed to provide the necessary additional parking by entering into covenants with corporations which maintain shopping areas directly across the highway from petitioner’s shopping center. This proposal was denied because the petitioner did not own the adjoining sites.
Petitioner initially questions the scope of the local code’s definition of the term "subdivision”. Section 1.26 thereof includes in the definition of a subdivision: "the division of a commercial structure or parcel into two (2) or more units or areas for transfer of ownership or rental purposes.”
Petitioner questions the authority of a town under section 276 of the Town Law to consider an extension of a commercial structure as a subdivision which must be reviewed by a planning board.
It is the opinion of this court that the definition of the term "subdivision” has been expanded to include among the powers of this planning board "site plan” approval.
"A site plan is not a subdivision plat. A site plan usually evidences the proposed development of a single lot, whether for one principal building and permitted accessory buildings or for a group of buildings * * * intended to remain in one ownership. A subdivision plat contemplates division of one tract into a number of smaller lots with eventual separate ownership of each such lot.” (1 Rathkopf, The Law of Zoning and Planning [3d ed], ch 30, § 4, p 30-13.) (Emphasis supplied.)
By including commercial structures (shopping centers) within the definition of a subdivision, the Town of Orangetown has conferred upon its planning board authority to give £nal approval to site plans, an authorization in excess of that permitted by section 276 of the Town Law (cf. Nemeroff Realty Corp. v Kerr, 38 AD2d 437, affd 32 NY2d 873).
The court believes that the decision of the planning board in this matter is not binding upon petitioner since it must be *236 considered only advisory in nature and for this reason it is also not reviewable by this court (CPLR 7801, subd 1). Accordingly, the petition to the extent that it seeks a review of the decision in question is denied.
The remainder of petitioner’s application seeks relief in the nature of a declaratory judgment regarding the constitutionality of certain sections of the Town of Orangetown Zoning Code. Since this relief, a declaration that a legislative enactment is unconstitutional, cannot be granted unless the town board is joined as a party, this court is constrained to dismiss the balance of petitioner’s application without prejudice (Matter of Overhill Bldg. Co. v Delany, 28 NY2d 449, 458).
Respondents’ counterclaim shall be dismissed since section 272 of the Town Law does not authorize recoupment of expenses from an applicant other than through a fixed filing . fee.