OPINION OF THE COURT
Victor J. Orgera, J.
This is an article 78 proceeding to annul a determination of the Two Family Review Board of the Town of Babylon in granting Joseph Roth a permit to maintain a two-family dwelling in a district zoned for one-family dwellings. The respondent two-family review board and the town board have interposed an answer. Joseph and Seena Roth have been given permission to intervene by order of this court and have also interposed an answer.
On November 20, 19,79, the Town Board, Town of Babylon, by resolution, adopted Local Law 9 of 1979. The expressed intent was “to amend the existing Town Ordi *130 nonces and regulations which do not address the illegal two-family dwelling situation.” This local law created a seven-member two-family review board to hear and determine applications for residential two-family permits without regard to the zoning district of the applicant. It gave broad powers to the newly created board and authorized it to impose conditions and safeguards “necessary or desirable to preserve and protect the spirit and objectives of this chapter.” Additionally, it provides that appeals of the board’s decisions shall be by article 78 proceeding.
Pursuant to Local Law 9, intervener Joseph Roth applied to the two-family review board for a two-family use permit, which, after a public hearing, was approved. There is no dispute that at the time of the application, the Roths used the premises as a one-family dwelling or that the premises are located in a single-family residential district.
Petitioners assert that Local Law 9 was an invalid exercise of power by the town board; that it was not made in accordance with a comprehensive plan; that it was defective procedurally and that the approval of the application was arbitrary and capricious.
The respondents contend that Local Law 9 represents a proper delegation of power from the town board; that section 10 of the Municipal Home Rule Law, enables a municipality to adopt local laws; that Local Law 9 was adopted in accordance with a comprehensive, well-considered plan, and that all notice and procedural requisites were fully complied with. The intervenors contend that they have met all the requirements for a permit and that the board’s approval was justified.
Absent an express statutory delegation, a town lacks the power to enact and enforce zoning or other land-use regulations, and in the absence of such a grant it will be deemed ultra vires and void (Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359). Article 16 (§ 261, et seq.) of the Town Law, is the legislative scheme for town zoning and planning. Section 261 empowers the town board by ordinance to regulate the use, size and location of structures and land and the density of population. Section 262 authorizes the town board to divide the town into *131 suitable zoning districts. Section 263 requires that these regulations be made in accordance with a comprehensive plan and section 267 provides that the town board shall appoint a board of appeals, which, among other things, shall have power “to vary or modify the application” of the zoning ordinance under specified conditions.
Generally, in construing a statute, the intent of the Legislature is first to be sought from the language of the act itself (Wiley v Solvay Process Co., 215 NY 584); it must also be read literally if it affects a delegation of power (Peace v McAdoo, 110 App Div 13). Zoning laws in particular, are strictly construed as they are in derogation of common-law rights and their provisions may not be extended by implication (City of Albany v Anthony, 262 App Div 401). Doubt as to the existence of a power must be resolved against the municipality (City of Syracuse v Snow, 123 Misc 568).
Zoning ordinances have been declared void and of no effect in Matter of Barker v Switzer (209 App Div 151) where the municipal ordinance attempted to regulate population density, although the statute at that time did not empower them to do so; in Matter of Rouse v O’Connell (78 Misc 2d 82) where the town board authorized the planning board to modify zoning provisions; in Nemeroff Realty Corp. v Kerr (38 AD2d 437) where the town board gave final approval power to the planning director, reserving to itself the right to review; and recently in Dean Tarry Corp. v Friedlander (103 Misc 2d 435) where a town board gave discretionary powers to a planning board in excess of the powers specified in section 7-725 of the Village Law.
Notwithstanding the provisions of section 10 of the Municipal Home Rule Law a town may not enact a local law that is inconsistent with the laws of this State (F.T.B. Realty Corp. v Goodman, 300 NY 140). An examination of the pertinent New York statutes reveals no power in a town board to create a two-family review board or delegate to it authority to make determinations which are the exclusive domain of the board of appeals. As both the creation of and the powers delegated to the two-family review board *132 are beyond the town board’s statutory grant, Local Law 9 -is void. Any determination of the two-family review board is likewise void and of no effect.
In view of the foregoing, it is not necessary to address the other issues.
Accordingly, the petition is granted.