OPINION OF THE COURT
Simons, J.
Petitioner is the owner of residential land in the Town of Yorktown which he wishes to subdivide and develop. The respondent planning board has approved his proposal but it requires as a condition of approval that he convey approximately 40% of the land to the town for park purposes. Petitioner brings this proceeding to annul that condition. Special Term granted his petition and remitted the matter to the planning board to “affix reasonable conditions to insure the preservation of the open spaces” short of an uncompensated grant. The Appellate Division reversed and dismissed the petition. The issue is whether subdivision (d) of section 281[1] of the Town Law grants respondent power to compel conveyance of the land for park purposes without compensation.[2] We hold that it does not.
Petitioner’s property consists of 11.1 acres of wooded land bisected by a brook approximately 20 feet wide. In 1976 he sought planning board approval to develop the land. It was apparent that because of the brook and because part of the land near the brook is low and subject to flooding, conventional application of the residential zoning regulations was not feasible. The planning board therefore considered a cluster development pursuant to section 281 of the Town Law. After some negotiations, the parties agreed generally upon a subdivision plan for eight residences but respondent conditioned approval on petitioner’s conveyance to the town of 4.5 acres of land along the brook *389 for development as a public park. Petitioner offered to develop the land for a park, but he was unwilling to open the land to the public or convey it to the town without compensation. He, therefore, instituted this proceeding challenging the town’s power to compel conveyance of the land.
Towns and other municipal authorities have no inherent power to enact or enforce zoning or land use regulations. They exercise such authority solely by legislative grant and in the absence of legislative delegation of power their actions are ultra vires and void (Riegert Apts. Corp. v Planning Bd. of Town of Clarkstown, 57 NY2d 206, 209; Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, 369-370; Nemeroff Realty Corp. v Kerr, 38 AD2d 437, 441, affd 32 NY2d 873). The authorization to exercise zoning and planning powers is found in article 16 of the Town Law (§§ 261-284). The statute grants a wide variety of powers to zone the town into districts to regulate its growth and development, to establish procedures for adoption and modification of local zoning regulations, to review and enforce zoning decisions and to establish an official map (Town Law, §§ 261-270). Sections 270-284 deal principally with planning functions. Those sections authorize creation and appointment of a planning board and staff to investigate and approve planning decisions and to implement and modify, as necessary, a master plan for growth and development of the community. Sections 276, 277 and 281 deal generally with the power of the planning board to review and approve subdivision plats. Section 277 sets forth the details of subdivision development which may be required. It permits the board to require plats of undeveloped lands to show, among other things, “in proper cases and when required by the planning board, a park or parks suitably located for playground or other recreational purposes.” If the board determines that a suitable park cannot be located because the land is not of adequate size or because for other reasons a park is not practical, the board may condition approval of the plat on payment of an amount of money to a trust fund to be used by the town board for development of a neighborhood park or playground. Section 277 also authorizes the board to determine *390 the size and location of streets and areas required for utilities and drainage and to require bonding of these improvements. Section 278 provides that after approval and filing of the subdivision plat, the streets, highways and parks shall become a part of the official map or plan of the community and the streets, highways and park lands shown thereon may be dedicated to the public when accepted by the town board unless the owner indicates on the map that no offer of dedication is intended (§278, subd 1). Subdivision 3 provides that streets shall be private unless dedicated and accepted and that the town, if necessary, may condemn land for public streets (§ 278).
Section 281 also applies to subdivision plats but it applies only to “cluster” development. The section provides that a planning board when considering residential plats may allow some deviation from the area, yard and frontage restrictions for lots found in the zoning ordinance.[3] The board may not permit any deviation from density requirements nor may it waive or amend use restrictions. This limited relief is permitted to allow more efficient use of land containing unusual features, the development of which might otherwise be inhibited by the literal application of the area and yard requirements of existing zoning laws. Economy, flexibility and scenic beauty are all appropriate reasons for permitting cluster zoning (Town Law, §281; and see, generally, 1 Anderson, New York Zoning Law and Practice [2d ed], §§ 8.32, 15.10). Section 281 contains no provisions such as those found in sections 277 and 278 authorizing the dedication of lands for streets or utilities, for bonding improvements, or for payments into the trust fund for park or recreational purposes. Except for subdivision (d), it contains no reference to setting aside lands for park or recreational purposes.
Respondent contends, however, that the broader power to compel conveyance of park land may be implied from the language of subdivision (d) of section 281 which authorizes the planning board to establish as a condition of approval “conditions on the ownership, use, and maintenance” of *391 lands available for park or recreation uses if the cluster development procedure results in lands available for municipal purposes. Our task in interpreting the statute is to give effect to the intent of the Legislature, construing words by giving them their natural and ordinary meaning and construing the various parts of the statute in a manner seeking to harmonize the whole and avoid rendering any part surplusage (Riegert Apts. Corp. v Planning Bd. of Town of Clarkstown, 57 NY2d 206, supra; Zaldin v Concord Hotel, 48 NY2d 107, 113; Matter of Albano v Kirby, 36 NY2d 526, 529-531). Doing so, we interpret the power to condition ownership and use contained in this statute as a delegation of power only to limit the transfer, development or subdivision of park property, not as a grant of power to compel conveyance to the town without cost to it.
This interpretation is confirmed by analyzing article 16 as a whole. The various sections were enacted at different times and originally found in different statutes. In 1932, however, the sections were amended and codified as article 16 of the Town Law (see L 1932, ch 634). The only planning sections which expressly refer to the transfer of a part of platted lands of a subdivision to the town are sections 277 and 278. They authorize the planning board to accept dedication of land for street purposes and dedication of park land to the town or payments in lieu of dedication (see Town Law, §§ 277, 278; and see Jenad, Inc. v Village of Scarsdale, 18 NY2d 78). Neither section, as the Appellate Division recognized, authorizes the town to compel uncompensated grants from the developer (see, also, 1 Anderson, New York Zoning Law and Practice, § 15.18, citing East Neck Estates v Luchsinger, 61 Misc 2d 619, 620-621). By contrast, the language of section 281 does not contain any similar words permitting dedication or requiring payments in lieu of dedication. Indeed, the most notable feature of section 281 is the absence of such language when compared to the language of similar planning statutes (cf. Town Law, § 278; General City Law, § 34; Village Law, § 7-732).
Section 281 is a statute enacted for the limited purpose of authorizing the use of a particular technique, cluster development. Such zones do not have unique problems with streets or utilities and manifestly, the Legislature in *392 tended other provisions found in article 16 to apply also to subdivisions approved for cluster development. Thus, the procedures for submission, approval and filing of plats for cluster developments are those required for subdivisions generally (see section 281, subds [e], [f]). Indeed, respondent, in approving the streets and drainage plans on petitioner’s subdivision, exercised the powers granted it by the provisions of section 277.
In short, article 16 sets forth a legislative scheme for control and approval of residential subdivisions. Sections 277 and 278 which provide for the dedication or condemnation of land do not contain language from which may be implied a legislative grant of power to compel conveyance of land for streets or park purposes without compensation and section 281 adds nothing to them in that respect. Indeed, there is less reason to imply the power to require the uncompensated transfer of land for park or recreational purposes than there is for streets because the amount of land required for parks is much greater and the need is less vital (see 4 Anderson, American Law of Zoning [2d ed], § 23.39, p 141).
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Special Term reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler and Meyer concur.
Order reversed, with costs, and the judgment of Supreme Court, Westchester County, reinstated.

. Subdivision (d) of section 281 of the Town Law provides: “In the event that the application of this procedure [cluster zoning] results in a plat showing lands available for park, recreation, open space, or other municipal purposes directly related to the plat, then the planning board as a condition of plat approval may establish such conditions on the ownership, use, and maintenance of such lands as it deems necessary to assure the preservation of such lands for their intended purposes.”

. Petitioner also contends that the respondent exceeded the powers granted to it by the town board (see Nemeroff Realty Corp. v Kerr, 38 AD2d 437, affd 32 NY2d 873). In view of our decision, we need not consider the point.

. The statute was permissive at the time of these proceedings. As a result of a 1982 amendment, however, the planning board may require cluster zoning of a subdivision (see L 1982, ch 412).