■ In the Matter of PETER SOURIAN, Appellant, v YVONNE SCRUGGS-LEFTWICH, as Commissioner of the New York State Division of Housing and Community Renewal, et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Shirley Fingerhood, J.), entered May 8, 1986, which dismissed petitioner-appellant's CPLR article 78 petition brought to vacate an order of the Office of Rent Administration, dated March 22, 1985, which vacated a previous order granting appellant a certificate of eviction, reversed on the law and the facts, without costs, and the matter is remanded to the Office of Rent Administration for further proceedings in accordance herewith.

Petitioner landlord owns a town house in which he, his wife, his daughter and his mother-in-law share a small first-floor apartment. The mother-in-law, an elderly woman, lives there because her doctor advised that, for health reasons, she avoid walking upstairs and stay near her family. Landlord wanted to place her in a neighboring, occupied, first-floor apartment. In 1980, he applied to evict tenant, who occupied the chosen apartment, pursuant to Administrative Code of the City of New York § Y51-6.0 (b). Tenant refused to move despite an offer from landlord to place tenant in an apartment a few blocks away, at a rent set by the Rent Control Board. Tenant turned down the apartment because he felt it unsuitable for someone of his "class and social standing". Tenant has leased his apartment since 1958. The events relevant to this appeal began in 1984.

In February 1984, the Rent Control Division found landlord acted in good faith in attempting to evict tenant and issued an order granting certificate of eviction. While tenant's appeal to

the Supreme Court was pending, New York Laws of 1984 (ch 234) passed, effective immediately, amending Administrative Code of the City of New York § Y51-6.0 (b) (1). The amendment limited a landlord's right to gain possession of an apartment for his or a family member's use "where a member of the household lawfully occupying the housing accommodation is sixty-two years of age or older, has been a tenant in a housing accommodation in that building for twenty years or more, or has an impairment" (Administrative Code of City of New York § Y51-6.0 [b] [1]). The Supreme Court remitted the case to the Office of Rent Administration. That office determined tenant had resided in the premises for more than 20 years and vacated the certificate of eviction. The Supreme Court dismissed landlord's article 78 petition. Landlord appeals that decision.

The legislative history of the amendment reflects the lawmakers' concern over the financial burden on elderly people and physical burden on the disabled who are forced to leave an apartment, even if the landlord can establish a good-faith basis. Tenant is neither elderly nor disabled. In addition, the record is replete with proof that tenant regularly sublet the premises, frequently makes extended visits abroad and owns a house in Europe, all of which raises a question of whether he is a bona fide tenant. Neither the court below nor the Office of Rent Administration looked into that question.

In light of the above, we remand the matter to the Office of Rent Administration to determine if respondent is a bona fide 20-year tenant entitled to the protection of the amended law. Concur—Kupferman, J. P., Sullivan and Carro, JJ.

Ross and Fein, JJ., dissent in a memorandum by Ross, J., as follows: I would affirm.

In 1980, the landlord applied, pursuant to Administrative Code of the City of New York § Y51-6.0 (b), to the District Director of the Lower Manhattan District Rent Office for a certificate of eviction, concerning apartment 1F, located in a town house at 30 East 70th Street, New York County, upon the ground that his mother-in-law needed the apartment. The tenant of 1F responded by claiming, *inter alia,* he had occupied that apartment since 1958, and the landlord's application was not made in good faith.

Thereafter, the Commissioner denied the landlord's application on April 7, 1981, and also denied the landlord's protest to the denial on January 29, 1982. Subsequently, the landlord instituted his first CPLR article 78 proceeding, and, on May

21, 1982, the trial court remitted the matter to the Commissioner for further consideration, and the taking of additional evidence.

Following that remand, on January 11, 1983, the Commissioner held a hearing, at which the parties and their attorneys participated. After that hearing, the Commissioner granted the landlord's protest, and ordered the issuance of a certificate of eviction. At this point, the tenant instituted an article 78 proceeding to challenge the action of the Commissioner.

While the tenant's article 78 proceeding was pending, on June 19, 1984, New York State Laws of 1984 (ch 234) was enacted, and became effective immediately. The new legislation amended Administrative Code § Y51-6.0 (b), mentioned *supra.* In substance, this amendment limited the right of a landlord to gain possession of an apartment for the use of a member of his family, when the tenant has been an occupant of the apartment for 20 years or more.

In view of this change in the law, the trial court, on July 12, 1984, again remitted the matter to the Commissioner for further consideration.

Subsequently, on March 22, 1985, the Commissioner issued a final order, which in substance, ordered that the certificate of eviction be vacated, upon the authority of the 1984 amendment to the law, since the Commissioner had found, on the basis of the record, that the tenant had occupied the apartment for more than 20 years.

The landlord commenced the instant article 78 to challenge the order of the Commissioner, which denied a certificate of eviction. Special Term dismissed the petition. I agree.

I find the language of the 1984 law to be plain and unambiguous, since its provisions unconditionally protect any tenant who has occupied a covered apartment for 20 years or more. Moreover, I cannot find any words contained in that act which, either explicitly or implicitly, indicate that a tenant must pass an income test before he can take advantage of the statute's provisions, and, significantly, the majority does not claim that there are any such words. A unanimous Court of Appeals held in *Zaldin v Concord Hotel* (48 NY2d 107, 113 [1979]) that "[W]hen * * * a statute is free from ambiguity and its sweep unburdened by qualification or exception, we must do no more and no less than apply the language as it is written" *(see also, Matter of Kamhi v Planning Bd.,* 59 NY2d 385, 391 [1983]).

The majority argue in their memorandum

"the record is replete with proof that tenant regularly sublet the premises, frequently makes extended visits abroad and owns a house in Europe, all of which raises a question of whether he is a bona fide tenant * * *

"In the light of the above, we remand the matter to the Office of Rent Administration to determine if respondent is a bona fide 20-year tenant entitled to the protection of the amended law."

Based upon my review of the record, I find the majority's argument and recommendation to be without either factual or legal merit. My reasons for this conclusion are as follows:

First, the overwhelming evidence in the record, which includes the landlord's own affidavit, dated December 10, 1984, indicates that the sole reason that landlord sought the eviction of the tenant was to provide a dwelling place for a relative.

Second, my legal research fails to uncover a single appellate legal authority in this State, and the majority does not cite one, which holds that, simply because a tenant allegedly "regularly sublet the premises, frequently makes extended visits abroad and owns a house in Europe", those contentions standing alone are sufficient to raise a material triable issue of fact as to whether the tenancy is bona fide. Thus, the majority, in effect, is applying a financial means test to the consideration of the question whether there is a valid tenancy. Such a test is not the law, and if it should be the law, then the Legislature must so enact, and not this court.

Third, in his order issued March 22, 1985, the Commissioner stated, in pertinent part: "In the instant proceeding, the record discloses that the tenant has occupied the subject accommodation for more than twenty years". The majority offers neither facts nor legal authority which support the conclusion that the Commissioner's determination, concerning how long the tenant has occupied the subject accommodation, was not rationally made. It is hornbook law that "the proper standard of review of determinations by the Commissioner of Department of Housing Preservation and Development is a 'rational basis' test [citations omitted]" (Matter of Fazio v Joy, 58 NY2d 674, 676 [1982]).

Accordingly, I find that Special Term's order and judgment, dismissing the landlord's petition, should be affirmed.