■ In the Matter of PAMELA BATES, Appellant, v PLANNING BOARD OF TOWN OF HUNTINGTON et al., Respondents. [747 NYS2d 807]

The determination of the Planning Board of the Town of Huntington was not arbitrary or capricious and is supported by substantial evidence (*see Matter of Cowan v Kern,* 41 NY2d 591).

The parties' remaining contentions are without merit. O'Brien, Adams and Cozier, JJ., concur.

Feuerstein, J.P., dissents, and votes to reverse the order, grant the petition, and annul the determination of the respondent Planning Board of the Town of Huntington, with the following memorandum: I find that the proposed development plan in this case was not a cluster development as provided in Town Law § 278, but rather, required a variance application by the respondents, Daniel D. Dowd and Tracy M. Dowd (hereinafter the Developers). Accordingly, I must respectfully dissent

as I would reverse the judgment of the Supreme Court, grant the petition, and annul the determination of the respondent Planning Board of the Town of Huntington (hereinafter the Board).

In 1999, the Developers purchased a 1.5-acre parcel of property in the Town of Huntington containing a historic building known as the Henry Townsend House. At about the same time, they submitted an application to subdivide the property as a cluster development pursuant to Town Law § 278. The application sought approval for three lots, with each requiring modification of the required setbacks. Although the petitioner and other nearby residents objected to the plan, the Board approved the plan as a cluster development. The petitioner commenced the present CPLR article 78 proceeding to review the Board's determination, alleging, among other things, that the Board did not have the authority to grant the proposed modification because there was no clustering of the development. The Supreme Court denied the petition and dismissed the proceeding, stating that the Board properly approved the cluster development. I disagree.

The purpose of cluster development is to allow "flexibility of design and development of land in such a manner as to preserve the natural and scenic qualities of open lands" (Town Law § 278 [2] [b]; see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro, 76 NY2d 460; Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d 385). A review of the plans submitted by the Developers demonstrates that there was no intent to preserve open land. Rather, the development appears to use all possible open space. The lots are virtually equal in size and the proposed structures on those lots are almost equally separated with no clustering of the buildings. The claim that the lot devoted to the Henry Townsend House served the purpose of preserving open space is disingenuous because there is no additional open space on that lot. Further, the contention that the change from a cul-de-sac driveway to a "flagstaff" driveway will preserve open space is not supported by the record. Even with such a modification from the original plan, every possible inch of the 1.5 acres has been used, with no open space remaining. This proposed development should be referred to the Board for determination of setback variances, as it is not properly a cluster development.