■ Town of Huntington, Appellant, v Beechwood Carmen Building Corp. et al., Respondents. [920 NYS2d 198]—

This appeal involves the zoning of one portion of a 382-acre parcel of real property, located in the Town of Huntington, formerly occupied by a State of New York facility. During the 1990s, the property was zoned "R-80," which, with certain exceptions not relevant here, permits only single-family dwellings. In October 1999 the State of New York sold the entire parcel of real property to the defendant S.B.J. Associates, LLC (hereinafter SBJ). Thereafter, SBJ proposed a project on one portion of the property, to consist of a senior residential community, known as the Greens at Half Hollow, and a community of single-family homes, known as Country Pointe at Dix Hills (hereinafter Country Pointe). Accordingly, SBJ applied to amend the Zoning chapter of the Code of the Town of Huntington (hereinafter the Town Code) to create a residential planned unit development and to change the zoning of the subject property from R-80 to "R-PUD."

In September 2000 the Town passed a resolution approving the enactment of Town Code § 198-21.2, which created the "R-PUD The Greens at Half Hollow Planned Unit Development District." Town Code § 198-21.2 provides, inter alia, that buildings within the single-family portion of that district, in which Country Pointe is situated, were to be used only for detached single-family dwellings, accessory uses and activities, and a community building not to exceed 5,000 square feet (see Town Code § 198-21.2 [E] [1]). Town Code § 198-21.2 (E) (2) (c) specifically permits the construction of swimming pools in the single-family dwelling portion of the district. Also by resolution, the Town Board adopted the final generic environmental impact statement (hereinafter the FGEIS) prepared in connection with the master development plan, which indicates, in relevant part, that SBJ proposed a recreation area including a community center and swimming pool for inclusion in the single-family dwelling portion of the district.

As discussions and plans surrounding Country Pointe progressed, SBJ proposed that a lot within the development site, designated as lot 73, would instead be used as a recreational facility, including such amenities as tennis courts and a children's playground. The final subdivision map, approved by the Town of Huntington Planning Board in March 2002, contains the following notation on lot 73: "Future Community Recreation Facility, Common Area." Ultimately, the defendant Beechwood Carmen Building Corp. purchased the vacant land from SBJ and developed a community recreation area on lot 73, consisting of a playground, a tennis court, and a gazebo.

In June 2006 the Town commenced an action against, among others, SBJ, Beechwood Carmen Building Corp., and Oriska Insurance Company, alleging causes of action arising from the Country Pointe development, including allegations that Town Code § 198-21.2 required the construction of the subject swimming pool and community center (Town of Huntington v SBJ Assocciates, LLC, Sup Ct, Suffolk County, index No. 06/14517). In June 2008 the Town stipulated to discontinue the action with prejudice against SBJ, while certain causes of action, including those related to the community center, were severed and continued with respect to Beechwood Carmen Building Corp. and Oriska Insurance Company.

In November 2008 the Town commenced the instant action against Beechwood Carmen Building Corp., Mile Development Corp., doing business as the Beechwood Organization and Beechwood Carmen Building Corp., and Oriska Insurance Company (hereinafter the Beechwood defendants), and SBJ,

inter alia, to compel them to construct a swimming pool and community center on lot 73. SBJ moved to dismiss the complaint insofar as asserted against it, and the Beechwood defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered January 8, 2010, the Supreme Court, inter alia, granted the motions. We affirm the order insofar as appealed from.

"Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties or those in privity with them of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding" (*Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821, 821 [2006]; *see Greenstone/Fontana Corp. v Feldstein*, 72 AD3d 890, 893 [2010]). "A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (*Liberty Assoc. v Etkin*, 69 AD3d 681, 682-683 [2010]; *see Greenstone/Fontana Corp. v Feldstein*, 72 AD3d at 893). Here, the Town's current claims against SBJ were either raised or could have been raised in the previous action which was discontinued with prejudice against SBJ and, thus, the Town is precluded under principles of res judicata from litigating claims against SBJ arising from the same transaction. Accordingly, the complaint was properly dismissed insofar as asserted against SBJ.

The Supreme Court also properly granted that branch of the Beechwood defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Contrary to the Town's contention, the plain language of the FGEIS as adopted by town resolution does not contain a mandate to construct a swimming pool and community center on lot 73. In addition, Town Code § 198-21.2 did not require construction of a community center and swimming pool on lot 73 or anywhere else on the portion of the development site on which the Country Pointe single-family dwellings are situated. Rather, the FGEIS merely permits the construction of those facilities.

Even if, as the Town contends, Town Code § 198-21.2 requires that development of lot 73 include a swimming pool and community center not to exceed 5,000-square feet, such a provision would be ultra vires and void as a matter of law (*see BLF Assoc., LLC v Town of Hempstead*, 59 AD3d 51, 55-56 [2008]). Towns and municipal governments lack inherent power to enact zoning or land use regulations and "exercise such authority solely

by legislative grant" (*Matter of Kamhi v Planning Bd. of Town of Yorktown*, 59 NY2d 385, 389 [1983]; *see Matter of Bayswater Realty & Capital Corp. v Planning Bd. of Town of Lewisboro*, 149 AD2d 49, 52 [1989], *mod* 76 NY2d 460. [1990]). Through the enactment of Town Law article 16, the Legislature has conferred upon towns "a wide variety of powers to zone the town into districts to regulate its growth and development, to establish procedures for adoption and modification of local zoning regulations, to review and enforce zoning decisions and to establish an official map" (*Matter of Kamhi v Planning Bd. of Town of Yorktown*, 59 NY2d at 389). While the enabling statutes in Town Law article 16 confer authority upon a town to enact a zoning ordinance setting forth permitted uses, nothing in the enabling legislation authorizes the Town to enact a zoning ordinance which mandates the construction of a specific kind of building or amenity (*see BLF Assoc., LLC v Town of Hempstead*, 59 AD3d at 55; *Blitz v Town of New Castle*, 94 AD2d 92, 99 [1983]). Accordingly, the Beechwood defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them, and the Town failed to raise a triable issue of fact in opposition.

We have not considered the Town's contention that Town Code § 198-21.2 is an "incentive zoning" provision enacted pursuant to Town Law § 261-b, as this contention is improperly raised for the first time on appeal (*see Matter of State Farm Mut. Auto. Ins. Co. v Urban*, 78 AD3d 1064, 1066 [2010]; *Matter of Castillo v Town of Oyster Bay*, 70 AD3d 939 [2010]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.