■ LOUISE TRAPANI, Appellant, v ANTONINA SQUITIERI, Respondent, et al., Defendant. [965 NYS2d 887]—

In an action, inter alia, for a judgment declaring that the plaintiff is the sole owner of a certain investment account, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered March 27, 2012, which granted the motion of the defendant Antonina Squitieri pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her on the ground of res judicata.

Ordered that the order is affirmed, with costs.

In a previous action commenced by the plaintiff, Louise Trapani, against the defendant Antonina Squitieri, the parties entered into a stipulation discontinuing the action with prejudice. Upon the plaintiff's filing of the instant action, Squitieri moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as barred by the doctrine of res judicata. The Supreme Court properly granted the motion and dismissed the complaint insofar as asserted against Squitieri.

"Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *see Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d 665, 668 [2010]). Under "the transactional analysis approach in deciding res judicata issues . . . , once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d at 347). The doctrine bars litigation of a cause of action that either was raised or could have been raised in the prior proceeding (*see Pondview Corp. v Blatt*, 95 AD3d 980 [2012]; *Town of Huntington v Beechwood Carmen Bldg. Corp.*, 82 AD3d 1203, 1206 [2011]). "A stipulation of discontinuance with prejudice without reserva-

tion of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (*Town of Huntington v Beechwood Carmen Bldg. Corp.*, 82 AD3d at 1206 [internal quotation marks omitted]; *see Liberty Assoc. v Etkin*, 69 AD3d 681, 682-683 [2010]).

Here, the stipulation of discontinuance with prejudice was unambiguous and the plaintiff failed to demonstrate any grounds in the interest of justice for limiting or disregarding the language "with prejudice" (*see Forte v Kaneka Am. Corp.*, 110 AD2d 81, 84 [1985]; *cf. Pawling Lake Prop. Owners Assn., Inc. v Greiner*, 72 AD3d at 668). The causes of action raised in the instant action, insofar as asserted against Squitieri, either were raised or could have been raised in the previous action (*see Pondview Corp. v Blatt*, 95 AD3d at 980; *Town of Huntington v Beechwood Carmen Bldg. Corp.*, 82 AD3d at 1206). Accordingly, the Supreme Court properly granted Squitieri's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as barred by the doctrine of res judicata. Skelos, J.P., Angiolillo, Chambers and Hinds-Radix, JJ., concur.