Joy Bldrs., Inc. v Town of Clarkstown (2018 NY Slip Op 07110)





Joy Bldrs., Inc. v Town of Clarkstown


2018 NY Slip Op 07110


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12088
 (Index No. 34490/15)

[*1]Joy Builders, Inc., appellant,
v
Town of Clarkstown, respondent.


Joseph J. Haspel, Goshen, NY, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains, NY (John M. Flannery and Gracie C. Wright of counsel), for respondent.



DECISION & ORDER
In an action for a judgment declaring that Town of Clarkstown Code § 254-18B is null and void as ultra vires and that the conditions imposed upon the plaintiff arising out of that section of the Town Code are null and void, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.) dated November 2, 2016. The order denied the plaintiff's motion for summary judgment on the complaint.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Rockland County, for the entry of a judgment declaring that Town of Clarkstown Code § 254-18B is null and void as ultra vires, and that the conditions imposed upon the plaintiff arising out of that section of the Town Code are null and void.
The plaintiff, Joy Builders, Inc. (hereinafter Joy Builders), is one of the developers of two parcels of real property, the Highland Vista Estates Subdivision and the Little Tor Homes Subdivision (hereinafter together the Joy Parcels), located in the defendant, Town of Clarkstown. The Town Planning Board (hereinafter the Planning Board) approved the Highland Vista Estates Subdivision for 22 lots and the Little Tor Subdivision for 55 lots. The Planning Board approved a subdivision plat for each parcel, with the condition that Joy Builders build infrastructure for each subdivision, including roads for ingress and egress, curbs, sidewalks, street signs, light poles, and monuments. Joy Builders was required to post performance bonds for each of its subdivisions, which expired after two years, as well as letters of credit with automatic yearly renewals. Additionally, Town Code § 254-18B authorized the Town to withhold the issuance of building permits for 10% of each subdivision lot until Joy Builders had completed the required infrastructure and improvements and they had been dedicated to the Town (hereinafter the Lot Holdback Provision). The Town contended that these conditions ensure that Joy Builders completes the required work.
In October 2015, Joy Builders commenced this action challenging the Planning Board's refusal to issue building permits for three lots in the Highland Vista Estates Subdivision and six lots in the Little Tor Homes Subdivision, seeking a judgment declaring that Town Code § 254-[*2]18B is null and void as ultra vires and, and that the Lot Holdback Provision applicable to Joy Parcels is also null and void. Joy Builders moved for summary judgment on its complaint; thereafter the Supreme Court denied the motion, determining that Town Code § 254-18B was not null and void as ultra vires and that any Lot Holdback Provision applicable to the Joy Parcels also was not null and void. Joy Builders appeals.
Towns and municipal governments lack inherent power to enact zoning or land use regulations (see Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d 385, 389). "They exercise such authority solely by legislative grant" (Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d at 389; see Town of Huntington v Beechwood Carmen Bldg. Corp., 82 AD3d 1203, 1206-1207). Through the enactment of Town Law article 16, the New York State Legislature has conferred upon municipalities a wide variety of powers "to zone the town into districts to regulate its growth and development, to establish procedures for adoption and modification of local zoning regulations, to review and enforce zoning decisions and to establish an official map" (Matter of Kamhi v Planning Bd. of Town of Yorktown, 59 NY2d at 389). Town Law § 277(9) is the enabling statute which authorizes the Town to obtain enumerated forms of security sufficient to cover the full cost of infrastructure and other required improvements in case a developer fails to finish work.
When interpreting a statute, courts should attempt to ascertain and give effect to the intent of the Legislature (see Yatauro v Mangano, 17 NY3d 420, 426; Moriarty v Planning Bd. of Vil. of Sloatsburg, 119 AD2d 188, 194). "As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; see Yatauro v Mangano, 17 NY3d at 426). All parts of a statute must be read and construed together (see People v Mobil Oil Corp., 48 NY2d 192, 199; Matter of Notre Dame Leasing v Rosario, 308 AD2d 164, 171, affd 2 NY3d 459; McKinney's Cons Laws of NY, Book 1, Statutes § 97). To this end, the pertinent statutes must be construed as they are written "according to the ordinary meaning of their language, seeking to harmonize the whole and to avoid rendering any part surplusage" (Riegert Apts. Corp. v Planning Bd. of Town of Clarkstown, 57 NY2d 206, 209; see Matter of Notre Dame Leasing v Rosario, 308 AD2d at 171-172).
Here, a plain reading of Town Law § 277 establishes that (1) it has no express provision authorizing the Lot Holdback Provision set forth Town Code § 254-18B, (2) pursuant to the rules of statutory construction, the express provisions of Town Law § 277 must be construed to exclude provisions such as those in Town Code § 254-18B which are not contained in § 277 (see Walker v Town of Hempstead, 84 NY2d 360, 367), and (3) it has no provision from which the Lot Holdback Provision of Town Code § 254-18B can be implied (see Matter of Gruber [New York City Dept. Of Personnel—Sweeney], 89 NY2d 225, 234; Matter of Webster Cent. School Dist. v Public Empl. Relations Bd. of State of N.Y., 75 NY2d 619, 627). Thus, Town Code § 254-18B is inconsistent with the plain language of Town Law § 277(9), which expressly sets forth the manner in which a developer can be required to provide financial security to ensure the completion of the installation of required infrastructure and other mandatory improvements.
When a town or municipality acts without legislative delegation, its acts are ultra vires and void ab initio (see Matter of Golden v Planning Bd. of Town of Ramapo, 30 NY2d 359, 369). Since Town Law § 277 does not authorize the Town to impose the Lot Holdback Provision set forth in Town Code § 254-18B, the provision is ultra vires and void as a matter of law (see Town of Huntington v Beechwood Carmen Bldg. Corp., 82 AD3d at 1206; BLF Assoc., LLC v Town of Hempstead, 59 AD3d 51).
The Town's contention that it has the discretion to enact Town Code § 254-18B pursuant to Town Law § 130 is not properly before this Court (see Town of Huntington v Beechwood Carmen Bldg. Corp., 82 AD3d at 1207; Matter of State Farm Mut. Auto. Ins. Co. v Urban, 78 AD3d 1064, 1066).
The Town's remaining contention is without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Rockland County, for the entry of a judgment declaring that Town Code § 254-18B is null and void as ultra vires, and that the conditions imposed upon the plaintiff arising out of that section of the Town Code are null and void.
RIVERA, J.P., SGROI, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court