Wells Fargo Bank, N.A. v Enbar (2019 NY Slip Op 04750)





Wells Fargo Bank, N.A. v Enbar


2019 NY Slip Op 04750


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-13201
2016-13204
 (Index No. 7939/15)

[*1]Wells Fargo Bank, National Association, etc., respondent,
v
Moshe Enbar, etc., et al., defendants, Richard A. Legum, appellant.


Steven G. Legum, Mineola, NY, for appellant.
Akerman, LLP, New York, NY (Jordan M. Smith and Natsayi Mawere of counsel), for respondent.



DECISION & ORDER
In an action to cancel certain satisfactions of mortgage recorded in Nassau County, to reinstate the mortgage liens, and to foreclose on the mortgages, the defendant Richard A. Legum appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 20, 2016, and (2) an order of the same court entered July 28, 2016. The order entered June 20, 2016, insofar as appealed from, denied the cross motion of the defendant Richard A. Legum pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff. The order entered July 28, 2016, insofar as appealed from, upon granting the plaintiff's motion to discontinue the action, directed that the discontinuance be without prejudice.
ORDERED that the order entered June 20, 2016, is modified, on the law, by deleting the provision thereof denying that branch of the cross motion of the defendant Richard A. Legum which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order entered July 28, 2016, is dismissed as academic in light of our determination on the appeal from the order entered June 20, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendant Richard A. Legum.
Between 2001 and 2006, the defendants Moshe Enbar and Linda Enbar (hereinafter together the Enbars) obtained three loans from the plaintiff's predecessors in interest, each secured by a mortgage on the real property which is the subject of this action. In 2006, the loans were consolidated into a single promissory note, and the plaintiff's predecessor subsequently issued two satisfactions of mortgage discharging the Enbars' obligations under two of the mortgages. The satisfactions were promptly recorded. Thereafter, the defendant Richard A. Legum loaned money to an entity of which Moshe Enbar was the principal (hereinafter the Legum loan), and Moshe Enbar [*2]personally guaranteed repayment of the Legum loan. In 2011, Legum obtained a money judgment against Moshe Enbar on the Legum loan, which he promptly recorded as a lien.
The plaintiff came into possession of the consolidated note and the associated mortgages in February 2012, and commenced an action against the Enbars and others in March 2012 (hereinafter the first action), alleging that the Enbars defaulted on the consolidated note in December 2010. The complaint sought to cancel the previously recorded satisfactions of mortgage, to reinstate those mortgage liens, and to foreclose on the subject property. The complaint further accelerated the entire loan balance, declaring it presently due and owing. Legum was named as a defendant in the action based on his status as a judgment creditor, with the plaintiff considering him a junior lienor.
The Enbars neither appeared nor answered in the first action, but Legum served an answer asserting numerous affirmative defenses and alleging that he had relied on the satisfactions of mortgage in deciding to loan funds to Moshe Enbar's business entity. Legum also counterclaimed, inter alia, for a judgment declaring that the plaintiff had no lien of record on the subject property. On May 3, 2013, Legum obtained an order conditionally striking the plaintiff's reply to his counterclaims unless the plaintiff provided certain court-ordered discovery. It appears that no discovery was forthcoming, and on December 16, 2013, the plaintiff instead executed a stipulation reciting that the "action is hereby discontinued, with prejudice." The stipulation contained no limiting language, and was filed with the court on December 23, 2013.
The record indicates that over the next two years, the plaintiff took no further action against any party with respect to the debt. Moreover, the plaintiff did not oppose Legum's motion to cancel the notice of pendency the plaintiff had filed on the premises, and the Supreme Court granted that motion in express reliance on the stipulation of discontinuance with prejudice.
Nevertheless, on September 2, 2015, after retaining new counsel, the plaintiff commenced this action, again naming the Enbars, Legum, and others as defendants, and seeking the identical relief it sought in the discontinued first action. Soon after commencing this action, however, the plaintiff moved to discontinue it without prejudice due to some purported confusion regarding the status of certain parties. Legum opposed the motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by res judicata, and pursuant to 22 NYCRR 130-1.1 for the imposition of sanctions against the plaintiff.
In an order entered June 20, 2016, the Supreme Court granted the plaintiff's motion and denied Legum's cross motion. In a second order, entered July 28, 2016, inter alia, the court directed that the discontinuance of the second action be "without prejudice." Legum appeals.
We agree with Legum that the Supreme Court should have granted that branch of his cross motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata. "A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (Liberty Assoc. v Etkin, 69 AD3d 681, 682-683; see Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 959; Trapani v Squitieri, 107 AD3d 696, 696-697; Matter of Chiantella v Vishnick, 84 AD3d 797, 798). Here, the plaintiff's contention that its valid stipulation of discontinuance with prejudice only applied to its claims against Legum is refuted by the language of the stipulation itself, as well as by the plaintiff's conduct in the aftermath of its execution, which clearly evinced an understanding that the entire action had been discontinued with prejudice against all parties. Similarly unavailing is the plaintiff's contention that the Enbars continue to default on the monthly installments due under the loan, and that the plaintiff is therefore free to commence a new foreclosure action in the future based on the continuing accrual of nonpayment claims. This argument is unpersuasive, since the plaintiff expressly accelerated the entire loan balance in the complaint in the first action, and the record is devoid of evidence of any act on the plaintiff's part affirmatively revoking its acceleration of the mortgage debt within the applicable statute of limitations (see Bank of N.Y. Mellon v Craig, 169 AD3d 627; Milone v US Bank N.A., 164 AD3d 145, 154; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 633). Accordingly, the discontinuance of the first action with prejudice was entitled to res judicata effect, barring this [*3]subsequent action arising from the same operative facts and asserting the same claims against the same parties (see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; Trapani v Squitieri, 107 AD3d at 696-697).
Legum's appeal from the order entered July 28, 2016, is academic in light of our determination on the appeal from the order entered June 20, 2016.
Finally, upon our review and consideration of the entire record, we agree with the Supreme Court's denial of that branch of Legum's cross motion which was to impose sanctions against the plaintiff pursuant to 22 NYCRR 130-1.1.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court