Wilmington Sav. Fund Socy., FSB v Sheikh (2025 NY Slip Op 02098)

Wilmington Sav. Fund Socy., FSB v Sheikh

2025 NY Slip Op 02098

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2022-04062
 (Index No. 716516/18)

[*1]Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual capacity but solely as trustee for Winsted Funding Trust 2015-1, appellant,
v
Tarique Sheikh, et al., defendants, Beit Bana, Inc., respondent.

Friedman Vartolo LLP, New York, NY (Ronald P. Labeck and Stephen Vargas of counsel), for appellant.
Law Office of Richard B. Zarco, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Beit Bana, Inc., to strike that defendant's answer, for leave to enter a default judgment against the non-answering defendants, and for an order of reference, and granted the cross-motion of the defendant Beit Bana, Inc., to dismiss the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On October 27, 2006, the defendant Tarique Sheikh (hereinafter the borrower) executed a note in the sum of $712,000 in favor of First Franklin, a division of National City Bank. The note was secured by a mortgage on certain residential property located in Queens. The mortgage and note were assigned several times, and multiple actions to foreclose the mortgage were commenced, which were either dismissed or discontinued.
On July 7, 2016, the mortgage was assigned to Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A (hereinafter Wilmington). On May 22, 2017, Wilmington commenced an action against the borrower, among others, to foreclose the mortgage (hereinafter the 2017 action). By stipulation dated March 29, 2018, Wilmington voluntarily discontinued the 2017 action "with prejudice." By deed dated April 2, 2018, the borrower conveyed the property to the defendant Beit Bana, Inc. (hereinafter the defendant).
On October 29, 2018, the plaintiff, as assignee of Wilmington, commenced this action against the borrower and the defendant, among others, to foreclose the mortgage. After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, for leave to enter a default judgment against [*2]the non-answering defendants, and for an order of reference. In support of its motion, the plaintiff submitted, among other things, an affirmation from its attorney, who was also attorney for Wilmington and who averred that he had drafted the stipulation of discontinuance filed in the 2017 action and that his use of the language "with prejudice" was an "inadvertent mistake." The defendant cross-moved to dismiss the complaint insofar as asserted against it, based upon, inter alia, the statute of limitations and the doctrine of res judicata. In an order dated March 31, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion and granted the defendant's cross-motion. The plaintiff appeals.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Walcer v Cadbury, 225 AD3d 825, 826, quoting Clerico v Pollack, 148 AD3d 769, 770). In general, "[a] stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (Greenaway v Clifton & Classon Apt. Corp., 191 AD3d 958, 958 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Enbar, 173 AD3d 938, 940). However, "the language 'with prejudice' may be 'narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach'" (Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC, 166 AD3d 957, 959, quoting Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners, 203 AD2d 322, 323).
Here, in the stipulation discontinuing the 2017 action, the attorney stated that the discontinuance was "with prejudice," without reserving any rights or limiting the plaintiff's claim. Therefore, that stipulation had preclusive effect, barring commencement of the instant action. Neither the interests of justice, nor the particular equities involved, warrant a different approach (see Trapani v Squitieri, 107 AD3d 696, 697).
In view of the foregoing, we need not address the plaintiff's remaining contentions.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, for leave to enter a default judgment against the non-answering defendants, and for an order of reference, and properly granted the defendant's cross-motion to dismiss the complaint insofar as asserted against it.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court