■ UMBRA U.S.A., INC., Respondent, v NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant. [693 NYS2d 371] —Order unanimously affirmed with costs. Memorandum: Defendant contends that Supreme Court erred in denying its cross motion for summary judgment dismissing the second amended complaint. Specifically, it asserts that the "as is" clause in the contract and the "rider to contract of sale" allocated to plaintiff the environmental risks associated with the property. We disagree.

On August 6, 1990, plaintiff entered into a contract with defendant pursuant to which plaintiff or its assignee was entitled to purchase property located at 1705-1755 Broadway in Buffalo, New York. Defendant used the property as a bus maintenance and fueling facility from 1974 to 1990. The contract provided, "This is an 'As Is' deal". Additionally, the rider to the contract of sale provided in part that the offer was "contingent upon a (Phase I) Environmental Study as may be requested from the loan institution of the Purchaser's choice. Should the results of this study not be satisfactory to the Purchaser or Lender, the Purchaser reserves the right to cancel this contract and any down payment shall be refunded, in full, to Purchaser." Plaintiff had a Phase I Environmental Study performed on the property, which showed that there may be environmental problems. The study indicated that defendant used the property for an extended period of time as a bus maintenance facility, that petroleum products were still stored on the premises and that in 1985 defendant replaced leaking underground storage tanks under the auspices of the New York State Department of Environmental Conservation. After receiving the study, plaintiff's assignee purchased the property. Immediately following receipt of the deed to the property, plaintiff's assignee leased the property to plaintiff.

In April 1991 plaintiff contracted for the removal of underground fuel storage tanks located on the property. During the course of the removal of the tanks, it was discovered that petroleum from the tanks had contaminated the surrounding soil. Plaintiff expended approximately $400,000 to clean up that contamination. Plaintiff thereafter commenced the pres-

ent action seeking indemnification or contribution from defendant for the costs to clean up the contaminated soil under the strict liability provisions of article 12 of the Navigation Law (*see*, Navigation Law §§ 176, 181). In its answer, defendant asserted as an affirmative defense that the contract allocated to plaintiff the risks associated with environmental problems on the property. Plaintiff moved for summary judgment on the issue of liability, and defendant cross-moved for summary judgment. The court denied the motion with leave to renew and denied the cross motion. Defendant appeals.

The court properly denied defendant's cross motion. The "as is" clause in the contract precludes causes of action based on breach of warranty, not those based on statutory liability (*see, State of New York v Tartan Oil Corp.*, 219 AD2d 111, 114-115; *International Clinical Labs. v Stevens*, 710 F Supp 466, 469-470; *Southland Corp. v Ashland Oil*, 696 F Supp 994, 1000-1001). We reject the contention of defendant that it is entitled to summary judgment based on the "as is" clause in the rider to the contract. The rider to the contract does not set forth in express and unequivocal terms the intent of the parties to exculpate defendant from its alleged actions in violation of the Navigation Law (*see generally, Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, *affd* 65 NY2d 1038). Indeed, the rider does not state that plaintiff will assume the environmental risks associated with the property, that plaintiff intends to exculpate defendant from its prior actions on the property, or that plaintiff will indemnify defendant for the costs of removing environmental contamination on the property. Because the contract does not expressly allocate to plaintiff the environmental risks associated with the property, defendant's cross motion was properly denied (*see generally, State of New York v Tartan Oil Corp., supra*, at 114-115; *M & M Realty Co. v Eberton Term. Corp.*, 977 F Supp 683, 687-688; *International Clinical Labs. v Stevens, supra*, at 469-470; *Southland Corp. v Ashland Oil, supra*, at 1000-1001; *cf., 101 Fleet Place Assocs. v New York Tel. Co.*, 197 AD2d 27, *appeal dismissed* 83 NY2d 962; *Olin Corp. v Consolidated Aluminum Corp.*, 5 F3d 10; *Niecko v Emro Mktg. Co.*, 769 F Supp 973, 985-986, *affd* 973 F2d 1296). (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.