■ Liberty Associates, Appellant, v Michael S. Etkin, Respondent. [893 NYS2d 564]—

In March 2002 the plaintiff, Liberty Associates, commenced this action to recover damages for legal malpractice against Michael S. Etkin, a member of Ravin, Sarasohn, Cook, Baumgarten, Fisch & Rosen (hereinafter the Ravin Firm), based on legal services performed by the Ravin Firm for the plaintiff. In January 2003 the Ravin Firm commenced an action against Liberty Associates in the Superior Court of New Jersey to recover fees for the legal services rendered. In 2004, during the pendency of the instant action, Liberty Associates and the Ravin Firm settled the New Jersey fee dispute action (hereinafter the fee dispute action), which was dismissed with prejudice. Upon learning of the settlement, Etkin moved for summary judgment dismissing the complaint in the instant action. The Supreme Court granted the defendant's motion. We affirm.

The plaintiff was entitled to pursue its legal malpractice claim against the defendant individually as a member of the Ravin Firm at the time of the alleged malpractice (*see Fanelli v Adler*, 131 AD2d 631, 631-632 [1987] ["injured party may bring an action against all or any of the partners in their individual capacities or against the partnership as an entity"]; *see also Pedersen v Manitowoc Co.*, 25 NY2d 412 [1969]; *Zuckerman v Antenucci*, 124 Misc 2d 971 [1984]). However, the plaintiff's claim is barred by the doctrine of res judicata, which "precludes a party from litigating 'a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter' " (*Matter of Josey v Goord*, 9 NY3d 386, 389 [2007], quoting *Matter of Hunter*, 4 NY3d 260, 269 [2005]). A valid final judgment bars future actions between the same parties on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]), which includes "all other claims arising out of the same transaction or series of transactions . . . even if based upon different theories or if seeking a different remedy" (*Fifty CPW Tenants Corp. v Epstein*, 16 AD3d 292, 293 [2005]; *see QFI, Inc. v Shirley*, 60 AD3d 656, 657 [2009]; *Vedder v County of Nassau*, 59 AD3d 527, 528 [2009]).

This action to recover damages for legal malpractice against Etkin, as a member of the Ravin Firm, arises out of the same series of transactions as the fee dispute action asserted by the Ravin Firm against the plaintiff herein for legal fees. Upon resolution of the fee dispute action, the parties, by their attorneys, executed a stipulation of dismissal with prejudice and without costs. A stipulation of discontinuance with prejudice without

reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata (*see Matter of Hofmann,* 287 AD2d 119, 123 [2001] ["An order of discontinuance effecting settlement on the merits is accorded the same res judicata effect as the entry of judgment on the merits"]; *see also Fifty CPW Tenants Corp. v Epstein,* 16 AD3d at 294).

Here, Etkin established, prima facie, that the legal services at issue in the instant action and in the fee dispute action were the same and, thus, that Liberty Associates' settlement of the fee dispute action with the Ravin Firm, of which Etkin was a member, precludes Liberty Associates from maintaining the instant action against Etkin under the doctrine of res judicata (*see Izko Sportswear Co., Inc. v Flaum,* 25 AD3d 534, 537 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contentions. Rivera, J.P., Florio, Miller and Austin, JJ., concur.