■ WILLIAM SIMMONS et al., Respondents, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [894 NYS2d 750]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered February 26, 2008, which, to the extent appealed

from as limited by the briefs, denied defendant's motion to dismiss this medical malpractice action as precluded by res judicata, unanimously reversed, on the law, without costs, defendant's motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

The motion court, by declining to grant defendant's motion to dismiss the complaint and ordering discovery, limited to plaintiff's assertion of the insanity toll, necessarily rejected defendant's res judicata defense. Thus, the order at issue, at least to the extent that it denied defendant's motion to dismiss on the ground of res judicata is appealable insofar as it affects a substantial right (*see Fellner v Morimoto*, 52 AD3d 352, 353 [2008]; CPLR 5701 [a] [2] [v]).

However, contrary to the lower court's implicit conclusion, the instant action is in fact barred by res judicata. Plaintiff's prior action was against a doctor employed by defendant, arose from the same course of treatment alleged in the instant action, and was dismissed on statute of limitations grounds. While defendant was not a party to the prior action, as defendant doctor's employer, required to indemnify defendant doctor in the prior action, it was in privy with defendant doctor (*Buechel v Bain*, 97 NY2d 295, 304-305 [2001], *cert denied* 535 US 1096 [2002]; *Prospect Owners Corp. v Tudor Realty Servs. Corp.*, 260 AD2d 299 [1999]), the real party in interest in that action (*Ebert v New York City Health & Hosps. Corp.*, 82 NY2d 863, 866-867 [1993]), and the abbreviated statute of limitations applicable to defendant was thus applied to him (*see International Shared Servs. v County of Nassau*, 222 AD2d 407, 408 [1995]; *Urraro v Green*, 106 AD2d 567 [1984]). Plaintiff cannot avoid res judicata by varying facts, changing his causes of action and omitting references to the previously named doctor (*see Matter of Reilly v Reid*, 45 NY2d 24, 28-30 [1978]; *Marinelli Assoc. v Helmsley-Noyes Co.*, 265 AD2d 1 [2000]). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.