◼ In the Matter of JOACHIM CHIANTELLA, Appellant, v BERNARD VISHNICK, Respondent. [922 NYS2d 525]—

In a proceeding pursuant to CPLR article 77, inter alia, for an accounting, the petitioner appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated July 30, 2009, as, in effect, granted that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition and, in effect, denied, as academic, his cross motion to compel the deposition of a nonparty and the production of certain documents, and (2) from a judgment of the same court entered June 16, 2010, which, upon the order, is in favor of the respondent and against him, dismissing the proceeding.

Ordered that the appeal from so much of the order as, in effect, granted that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed, that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition is denied, that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition is granted, and the order dated July 30, 2009, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from so much of the order as, in effect, granted that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The Supreme Court should not have granted that branch of

the respondent's motion which was pursuant to CPLR 3211 (a) (2) to dismiss the petition for lack of subject matter jurisdiction. CPLR 7701 authorizes the institution of a special proceeding in the Supreme Court for the determination of matters relating to all types of express trusts, including inter vivos and testamentary trusts (*see* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 7701). Thus, contrary to the Supreme Court's determination, dismissal of the petition was not mandated upon the ground that the Surrogate's Court has exclusive jurisdiction over this CPLR article 77 proceeding (*see Gaentner v Benkovich*, 18 AD3d 424, 427 [2005]).

In light of its conclusion that dismissal was warranted because the Surrogate's Court had exclusive jurisdiction over this proceeding, the Supreme Court, in effect, denied, as academic, that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition upon the ground that it is barred by the doctrine of res judicata. Since the respondent urges us to consider its contention that the matter is barred by the doctrine of res judicata as an alternative ground for affirmance and the record is sufficient to allow this Court to determine that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the petition, and it has been briefed on appeal, we address the respondent's alternative contention and affirm the judgment on this alternative ground (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]; *Jun Suk Seo v Walsh*, 82 AD3d 710 [2011]).

Pursuant to the doctrine of res judicata, a valid final judgment, or a stipulation of settlement withdrawing a cause of action "with prejudice" (*Liberty Assoc. v Etkin*, 69 AD3d 681, 682-683 [2010]; *see Matter of State of New York v Seaport Manor A.C.F.*, 19 AD3d 609, 610 [2005]; *React Serv. v Rindos*, 243 AD2d 550, 551 [1997]), bars future actions between the same parties on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). As a general rule, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). Applying these principles, the present proceeding, commenced after the conclusion of two prior proceedings in the Surrogate's Court, Queens County, involving the same parties and the same issues, is barred by the doctrine of res judicata. Accordingly, the Supreme Court should have granted that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (5), on the ground that the proceeding is barred by the doctrine of res judicata.

The petitioner's remaining contentions either are without merit or have been rendered academic in light of our determination. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.