MARIST COLLEGE et al., Appellants, v CHAZEN ENVIRONMENTAL SERVICES, INC., et al., Defendants, and BRUSH & WEAVING CORPORATION, Doing Business as BLOCKSOM & Co., Respondent. (And a Third-Party Action.) Appellant. [923 NYS2d 859]—

In an action, inter alia, to recover damages pursuant to Navigation Law § 181, resulting from the discharge of petroleum, the plaintiffs Marist College and Marist Real Property Services, Inc., appeal from an order of the Supreme Court, Dutchess County (Dolan, J.), dated October 15, 2009, which granted the motion of the defendant Brush & Weaving Corporation, doing business as Blocksom & Co., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1).

Ordered that the order is reversed, on the law, with costs, and

the motion of the defendant Brush & Weaving Corporation, doing business as Blocksom & Co., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) is denied.

Pursuant to CPLR 3211 (a) (1) a party may move to dismiss a cause of action based on documentary evidence which conclusively establishes a defense to the asserted claim as a matter of law (*see Leon v Martinez*, 84 NY2d 83 [1994]; *Goldfarb v Schwartz*, 26 AD3d 462 [2006]). In order to obtain dismissal based on documentary evidence, the documentary evidence "must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Trade Source v Westchester Wood Works*, 290 AD2d 437 [2002]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002]).

The Supreme Court erred in dismissing the complaint insofar as asserted against the defendant Brush & Weaving Corporation, doing business as Blocksom & Co. (hereinafter Blocksom), pursuant to CPLR 3211 (a) (1). The documentary evidence submitted by Blocksom, which included, inter alia, the parties' contract of sale and closing statements, did not conclusively establish that the plaintiffs had released Blocksom from any and all obligations and liability arising from undisclosed and undiscovered environmental conditions on the property or that the plaintiffs had waived any and all future claims relating to the undisclosed and undiscovered environmental conditions on the property, including those claims for indemnification and contribution pursuant to Navigation Law §§ 181 and 176 (8) (*see Union Turnpike Assoc., LLC v Getty Realty Corp.*, 27 AD3d 725, 725 [2006]; *Umbra U.S.A. v Niagara Frontier Transp. Auth.*, 262 AD2d 980, 981 [1999]; *cf. Olin Corp. v Consolidated Aluminum Corp.*, 5 F3d 10, 15-16 [1993]; *101 Fleet Place Assoc. v New York Tel. Co.*, 197 AD2d 27, 30 [1994]).

In light of our determination, we need not reach the parties' remaining contentions. Angiolillo, J.P., Florio, Leventhal and Miller, JJ., concur.