■ MICHAEL CORA, Appellant, v PRAVIN RANJAN et al., Respondents, et al., Defendants. [949 NYS2d 503]—

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered May 16, 2011, which granted the motion of the defendants Pravin Ranjan and Prison Health Services pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground of res judicata.

Ordered that the order is reversed, on the law and the facts, with costs, and the motion of the defendants Pravin Ranjan and Prison Health Services is denied.

On March 7, 2008, the plaintiff, while an inmate at Rikers Island, allegedly was assaulted by other inmates. He commenced an action against the City of New York alleging negligent supervision of the inmates and negligent training of its correction officers. In February 2009 the plaintiff entered into a settlement with the City, executing a stipulation of discontinuance of that action with prejudice and a general release, which released the City, its employees, agents, and assignees from liability for

any claims arising out of the subject incident. In September 2010 the plaintiff commenced the instant action to recover damages for medical malpractice against, among others, Prison Health Services (hereinafter PHS), the contractual provider of medical services for the City at Rikers Island, and Pravin Ranjan, a physician employed by PHS. The plaintiff alleged, inter alia, that the treatment those defendants rendered to him after the alleged assault and their delay in referring him for required surgery had resulted in permanent injury. PHS and Ranjan moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground of res judicata. The Supreme Court granted the motion. The plaintiff appeals, and we reverse.

Under the "transactional analysis approach" adopted by New York in deciding res judicata issues, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]). "A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata" (*Liberty Assoc. v Etkin*, 69 AD3d 681, 682-683 [2010]; *see Matter of Chiantella v Vishnick*, 84 AD3d 797 [2011]; *cf. Maurischat v County of Nassau*, 81 AD3d 793, 794 [2011]). For res judicata purposes, the outcome in the first litigation "is binding not only on the parties to that action, but on those in privity with them" (*Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]).

Here, in the first action, the City executed the stipulation of discontinuance with prejudice on behalf of itself and those in privity with it, which would include PHS and Ranjan (*see Simmons v New York City Health & Hosps. Corp.*, 71 AD3d 410, 411 [2010]; *cf. Farren v Lisogorsky*, 87 AD3d 713 [2011]). However, the stipulation of discontinuance did not have preclusive effect with respect to the plaintiff's current medical malpractice cause of action, which accrued months after the alleged assault on March 7, 2008, and is based upon facts which are unrelated to the facts underlying his negligent supervision and negligent training causes of action in the first action. Since the two actions do not arise out of the same transaction or series of transactions, the settlement in the first action does not preclude the instant action insofar as asserted against PHS and Ranjan under the doctrine of res judicata (*see Matter of Reilly v Reid*, 45 NY2d 24, 28-30 [1978]; *Vigliotti v North Shore Univ. Hosp.*, 24 AD3d 752, 754 [2005]; *cf. Simmons v New York City Health*

& *Hosps. Corp.*, 71 AD3d at 411; *Liberty Assoc. v Etkin*, 69 AD3d 681 [2010]). Accordingly, the Supreme Court should have denied the motion of PHS and Ranjan pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them on the ground of res judicata. Angiolillo, J.P., Belen, Chambers and Austin, JJ., concur.