In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Hoffman, J.), dated May 16, 2011, as denied his objections to so much of an order of the same court (Parisi, S.M.) dated March 21, 2011, as, after a hearing, calculated his arrears on his child support obligations from January 20, 2005, through May 26, 2009, to be $67,309.47, and applied New York law, rather than Pennsylvania law, to the mother’s petition for an upward modification of his child support obligation.
*958 Ordered that the order dated May 16, 2011, is modified, on the law, by deleting the provision thereof denying the father’s objection to so much of the order dated March 21, 2011, as calculated the arrears on the father’s child support obligations from January 20, 2005, through May 26, 2009, to be $67,309.47, and substituting therefor a provision granting that objection and vacating that portion of the order dated March 21, 2011; as so modified, the order dated May 16, 2011, is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a recalculation of the father’s child support arrears for the period from August 6, 2008, through May 26, 2009.
The Uniform Interstate Family Support Act (hereinafter UIFSA), codified in article 5-B of the Family Court Act, provides, in pertinent part, that a party seeking to modify and/or enforce a child support order issued in another state “shall register that order in this state” (Family Ct Act § 580-609). The parties agree that the support order governing the father’s child support obligations, which was issued by the Court of Common Pleas of Montgomery County, Pennsylvania, and was effective beginning on June 3, 2004 (hereinafter the Pennsylvania support order), was registered in the Family Court, Suffolk County, pursuant to UIFSA, on May 26, 2009. The Family Court had jurisdiction to modify the Pennsylvania support order, upon registration thereof, since none of the parties resides in Pennsylvania, the petitioner mother does not reside in New York, and the respondent father, at all relevant times, was subject to personal jurisdiction in Suffolk County (see Family Ct Act § 580-611 [a] [1]).
However, the Family Court erred in calculating the father’s child support arrears to include the period prior to August 6, 2008, the date the mother’s petition filed in Pennsylvania to modify the father’s child support obligation set forth in the Pennsylvania support order was dismissed, upon the parties’ stipulation, with prejudice. “A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata” {Liberty Assoc. v Etkin, 69 AD3d 681, 682-683 [2010]; see Matter of Chiantella v Vishnick, 84 AD3d 797, 798 [2011]). Thus, to the extent this proceeding seeks recovery of the same child support arrears that were sought in the Pennsylvania proceeding which was dismissed upon the parties’ stipulation, with prejudice, it is barred by the doctrine of res judicata {see Liberty Assoc. v Etkin, 69 AD3d at 682-683).
We have not considered factual allegations raised by the mother that are dehors the record.
*959 The father’s remaining contentions are without merit.
Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a recalculation of the father’s child support arrears for the period from only August 6, 2008, through May 26, 2009.
Skelos, J.E, Dillon, Hall and Miller, JJ, concur.
Motion by the respondent on an appeal from an order of the Family Court, Suffolk County dated May 16, 2011, inter alia, to dismiss the appeal on the ground that the appellant is not aggrieved. By a decision and order on motion of this Court dated August 10, 2012, the branch of the respondent’s motion which is to dismiss the appeal on the ground that the appellant is not aggrieved was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is,
Ordered that the branch of the motion which is to dismiss the appeal is denied (see CELR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]).
Skelos, J.E, Dillon, Hall and Miller, JJ., concur.