*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 9, 2015                    520103
_____

WHITNEY LANE HOLDINGS, LLC,
                        Respondent,

            v                                MEMORANDUM AND ORDER

DON REALTY, LLC, et al.,
                        Appellants.
_____

Calendar Date:  June 2, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                        _____


        E. Stewart Jones Hacker Murphy, Latham (David I. Iversen of counsel), for appellants.

        Kim I. McHale & Associates, PC, New York City (Paul A. Burg of counsel), for respondent.

                        _____


Garry, J.

        Appeal from an order of the Supreme Court (Ferradino, J.), entered October 22, 2012 in Saratoga County, which denied defendants' motion to dismiss the complaint.

        In November 2004, plaintiff purchased commercial property in the Town of Clifton Park, Saratoga County from defendants Don Realty, LLC, Donovan Littlefield and Arrianna Littlefield (hereinafter collectively referred to as defendants).[1]  Plaintiff

_____

        [1]  The Littlefields, who were minors, acted through their guardian, Matthew J. Sgambettera, in the real estate transaction, and were subsequently sued through the guardian in this litigation.

received a warranty deed for the property in exchange for a cash payment of approximately $1 million and a $3.55 million promissory note for the benefit of defendant DDA & A Realty, LLC, which was secured by a purchase money mortgage of the property. In September 2006, DDA & A assigned the mortgage to DLL Family Limited Partnership and, in June 2007, DLL assigned the mortgage to OSJ of Clifton Park, LLC.

Meanwhile, several months after plaintiff purchased the property, the Town commenced an action to acquire a portion of the property by eminent domain. In August 2005, this property was granted to the Town. In November 2006, plaintiff commenced this fraud action against defendants and DDA & A alleging that defendants knew that the Town intended to commence the eminent domain action when they sold the property to plaintiff, but intentionally misrepresented that there was no such plan, and that the taking had interfered with its commercial use of the property and thus resulted in damages to plaintiff. Immediately after commencing this action, plaintiff defaulted on the mortgage by failing to make a balloon payment, and DLL commenced a foreclosure proceeding. Supreme Court later joined this action with the foreclosure proceeding for trial, but did not consolidate the actions. After the June 2007 mortgage assignment, OSJ was added to the action as a defendant.

Plaintiff filed for bankruptcy. In December 2010, a reorganization plan was approved, which directed that a new note and mortgage be issued by plaintiff to OSJ, and required a settlement and resolution of all claims between plaintiff and OSJ. In March 2011, Supreme Court granted OSJ's unopposed motion to dismiss the complaint against it in this action, with prejudice. Defendants and DDA & A then moved to dismiss the complaint in this action against them, contending that OSJ was the only liable party as a result of the mortgage assignments and that, due to the dismissal of the complaint against OSJ, res judicata barred plaintiff from recovering against defendants. The motion was denied. Defendants and DDA & A appeal.

Supreme Court properly rejected the claim that OSJ is the only liable party. It is true that, even after an assignment, a mortgage remains subject to defenses existing between the

original parties and that, when there is a claim of fraud or misrepresentation in the procurement of a mortgage, "an assignee of [the] mortgage takes it subject to the equities attending the original transaction" (Lapis Enters. v International Blimpie Corp., 84 AD2d 286, 291 [1981]). Here, however, plaintiff has made no claim of fraud in the procurement of the mortgage or the subsequent assignments; rather, the allegation is that the sale of the underlying real property was procured through misrepresentations by defendants. Defendants were not parties to the mortgage, which was given by DDA & A, and DDA & A in turn was not a party to the warranty deed or the purchase and sale contract. It appears that Don Realty and DDA & A share at least some common ownership, although these details are not clear from the record. Nevertheless, the two limited liability corporations are separate entities, and plaintiff has not claimed or shown that they are so related to one another as to be alter egos (see generally 14 NY Jur 2d, Business Relationships § 41). Further, plaintiff has made no allegations of fraud or misrepresentation against DDA & A or its assignees. Nothing in the record reveals that anything other than the note and mortgage was assigned to OSJ, or that defendants held or assigned a mortgage that could have passed plaintiff's claims against them to OSJ. Thus, although the assignments from DDA & A to DLL and from DLL to OSJ passed rights and liabilities relating to DDA & A and the mortgage to OSJ, they did not affect rights and liabilities against defendants, and the settlement of plaintiff's claims against OSJ arising from the mortgage had no effect upon plaintiff's separate misrepresentation claim against defendants arising from the purchase.

The claims against defendants are not precluded by res judicata, which "bars successive litigation based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action [or proceeding], or in privity with a party who was" (Matter of People v Applied Card Sys., Inc., 11 NY3d 105, 122 [2008], cert denied 555 US 1136 [2009] [internal quotation marks and citation omitted]; accord Matter of Starla D. v Jeremy E., 121 AD3d 1221, 1223 [2014], lv denied 24 NY3d 914 [2015]). In determining whether privity

exists, a court must analyze the relationship between the parties to determine whether preclusion would be fair, and "[d]oubts should be resolved against imposing preclusion to ensure that the party to be bound can be considered to have had a full and fair opportunity to litigate" (Buechel v Bain, 97 NY2d 295, 305 [2001], cert denied 535 US 1096 [2002]). Here, the record does not reveal the nature of the relationship, if any, between defendants and OSJ or the prior mortgage holders. It has not been shown that defendants' interests were represented in the proceedings involving OSJ, or that plaintiff's misrepresentation claim against defendants could have been addressed in those proceedings (see MLCFC 2007-9 ACR Master SPE, LLC v Camp Waubeeka, LLC, 123 AD3d 1269, 1272-1273 [2014]; Comi v Breslin & Breslin, 257 AD2d 754, 757-758 [1999]). Plaintiff's misrepresentation claim does not arise from the mortgage-related transactions that formed the basis of the settled claims against OSJ (see Cora v Ranjan, 98 AD3d 598, 599-600 [2012]), and plaintiff has not had the requisite "full and fair opportunity to litigate" its misrepresentation claims against defendants (Buechel v Bain, 97 NY2d at 305; see Huntington Natl. Bank v Cornelius, 80 AD3d 245, 248-249 [2010], lv denied 16 NY3d 708 [2011]).

Accordingly, Supreme Court properly rejected defendants' claim that res judicata bars plaintiff from recovering against them and, therefore, properly denied the motion to dismiss as to defendants. However, because DDA & A was not a party to the property sale and no allegations of fraud or misrepresentation have been made against it, the motion to dismiss the complaint against it should have been granted.

Peters, P.J., Lahtinen and Lynch, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion to dismiss the complaint against defendant DDA & A Realty, LLC; motion granted to that extent and complaint dismissed against said defendant; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court