■ BERTHA REYES, Respondent, v MOISES A. RUIZ, Defendant, and GLORIA IMELDA SANCHEZ, Appellant. [18 NYS3d 408]—

In an action to recover damages for personal injuries, the defendant Gloria Imelda Sanchez appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Butler, J.), entered December 30, 2013, as denied that branch of her motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as barred by the doctrines of collateral estoppel and res judicata.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured in a three-car accident occurring on February 20, 2009, when the defendant Gloria Imelda Sanchez, traveling on Northern Boulevard in Queens, approached the intersection at 126th Street and collided with the plaintiff's vehicle. The defendant Moises A. Ruiz, driving behind the plaintiff's vehicle, was unable to stop in time and collided with the plaintiff's disabled vehicle. Thereafter, the plaintiff commenced this action against Ruiz and Sanchez to recover damages for personal injuries. By order dated April 16, 2013, the Supreme Court granted a motion by Ruiz for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident, upon finding that the plaintiff failed to raise a triable issue of fact in opposition to Ruiz's prima facie showing. By order dated April 22, 2013, the Supreme Court denied a separate motion by Sanchez for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) because Sanchez failed to meet her prima facie burden on her motion. Thereafter, Sanchez, inter alia, moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (5) as barred by the doctrines of collateral estoppel and res judicata, based upon the order dated April 16, 2013. The Supreme Court denied that branch of Sanchez's motion.

In general, the doctrines of collateral estoppel and res judicata bar, under certain circumstances, relitigating in a subsequent action issues and causes of action, respectively, that were already finally decided in a prior action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999]; *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of Chiantella v Vishnick*, 84 AD3d 797, 798 [2011]; *North Shore-Long Is. Jewish Health Sys., Inc. v Aetna US Healthcare, Inc.*, 27 AD3d 439, 440 [2006]). The doctrines of collateral estoppel and res judicata cannot be used in a single action in the manner proffered by Sanchez herein.

Accordingly, the Supreme Court correctly denied that branch of Sanchez's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against her as barred by the doctrines of collateral estoppel and res judicata. Hall, J.P., Austin, Sgroi and Hinds-Radix, JJ., concur.