Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC (2018 NY Slip Op 08121)





Mooney v Manhattan Occupational, Physical & Speech Therapies, PLLC


2018 NY Slip Op 08121


Decided on November 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-12533
 (Index No. 601313/17)

[*1]Brianne Mooney, appellant, 
v
Manhattan Occupational, Physical and Speech Therapies, PLLC, respondent.


Hirsch, Britt & Mosé, East Meadow, NY (Edgar A. Hirsch III of counsel), for appellant.
Rivkin Radler LLP, New York, NY (Cheryl F. Korman, Jeremy B. Honig, and Henry Mascia of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for unlawful termination of employment in violation of Labor Law § 740, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered October 6, 2017. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata, and denied the plaintiff's cross motion to vacate or modify a stipulation of discontinuance.
ORDERED that the order is affirmed, with costs.
After the plaintiff was terminated from her employment with the defendant, Manhattan Occupational, Physical and Speech Therapies, PLLC (hereinafter MOPST), she commenced an action (hereinafter the first action) seeking to recover damages against MOPST and Happy Hour 4 Kids (hereinafter Happy). The plaintiff alleged that MOPST and Happy retaliated against her in violation of Social Services Law § 413 by terminating her employment after she reported a case of suspected child abuse. After MOPST and Happy moved to dismiss the complaint in the first action, the plaintiff's counsel sent defense counsel a stipulation of discontinuance dated January 9, 2017, signed by the plaintiff's counsel, agreeing to discontinue the first action with prejudice. Defense counsel signed the stipulation and filed it with the Supreme Court.
Subsequently, the plaintiff commenced this action against MOPST to recover damages for unlawful termination of employment in violation of Labor Law § 740(3), alleging the same facts as she had alleged in the first action. MOPST moved to dismiss the complaint in the second action pursuant to CPLR 3211(a)(1) and (5), contending, among other things, that the complaint was barred by the doctrine of res judicata. The plaintiff cross-moved to vacate or modify the stipulation of discontinuance with prejudice as to MOPST. The Supreme Court granted that branch of MOPST's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the doctrine of res judicata, finding that the issues raised in this action are the same issues that were raised in the first action. In addition, the court denied the plaintiff's cross motion to vacate or modify the stipulation of discontinuance. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not err in finding that this action was barred by the doctrine of res judicata. "Under res judicata, or claim preclusion, a valid final judgment bars future actions between the same parties on the same cause of action" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347; see Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d 665, 668). Under "the transactional analysis approach in deciding res judicata issues . . . once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 347; Bayer v City of New York, 115 AD3d 897, 899; Sandhu v Mercy Med. Ctr., 54 AD3d 928, 928). The doctrine bars litigation of " matters that could or should have been raised in a prior proceeding between the parties arising from the same factual grouping, transaction, or series of transactions'" (Vigliotti v N. Shore Univ. Hosp., 24 AD3d 752, 754, quoting DeSanto Constr. Corp. v Royal Ins. Co. of Am., 278 AD2d 357, 358; cf. Silberstein, Awad & Miklos, P.C. v Spencer, Maston & McCarthy, LLP, 43 AD3d 902, 903).
Here, in both the first action and this action, the plaintiff alleged that MOPST terminated her employment in retaliation for her reporting a case of suspected child abuse. The only change in her cause of action is the statute under which she seeks to recover. As such, the cause of action in this action arises out of the same set of operative facts as the cause of action in the first action, and it could have been raised in that prior action (see Johnson v City of New York, 148 AD3d 1126, 1127; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 144 AD3d 1134, 1135).
Moreover, " [a] stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata'" (Cora v Ranjan, 98 AD3d 598, 599, quoting Liberty Assoc. v Etkin, 69 AD3d 681, 683; see Matter of Chiantella v Vishnick, 84 AD3d 797, 798). Here, the plaintiff's counsel prepared and executed the stipulation of discontinuance with prejudice in the first action, without reserving any rights or limiting the causes of action disposed of. Although the language "with prejudice" may be "narrowly interpreted when the interests of justice, or the particular equities involved, warrant such an approach" (Dolitsky's Dry Cleaners v YL Jericho Dry Cleaners, 203 AD2d 322, 323 [internal quotation marks omitted]; see Pawling Lake Prop. Owners Assn., Inc. v Greiner, 72 AD3d at 667; Mosello v First Union Bank, 258 AD2d 631, 632), this case does not warrant such an approach.
Since the stipulation of discontinuance is unambiguous, its interpretation "is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (Forte v Kaneka Am. Corp., 110 AD2d 81, 85, quoting Teitelbaum Holdings v Gold, 48 NY2d 51, 56).
Moreover, the plaintiff was not entitled to vacate or modify the stipulation of discontinuance upon the ground of mistake. "Stipulations of settlement are judicially favored, will not lightly be set aside, and are to be enforced with rigor and without a searching examination into their substance' as long as they are clear, final and the product of mutual accord'" (Peralta v All Weather Tire Sales & Serv., Inc., 58 AD3d 822, 822, quoting Bonnette v Long Is. Coll. Hosp., 3 NY3d 281, 286; see Forcelli v Gelco Corp., 109 AD3d 244, 247-248). " Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation'" (Bethea v Thousand, 127 AD3d 798, 799, quoting Hallock v State of New York, 64 NY2d 224, 230; see Scuorzo v Safdar, 115 AD3d 843, 843). " A party seeking reformation of a contract by reason of a mistake must establish, with clear and convincing evidence, that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation'" (Moshe v Town of Ramapo, 54 AD3d 1030, 1031, quoting Yu Han Young v Chiu, 49 AD3d 535, 536; see Yakobowicz v Yakobowicz, 142 AD3d 996, 998; Lieberman v Greens at Half Hollow, LLC, 54 AD3d 908, 909).
Here, contrary to the plaintiff's contentions, she failed to establish by clear and convincing evidence that the stipulation was executed under a mutual mistake or a unilateral mistake induced by a fraudulent misrepresentation by MOPST's counsel (see Matter of Sheng v State of N.Y. Div. of Human Rights, 93 AD3d 851, 852; Moshe v Town of Ramapo, 54 AD3d at 1031). The [*2]plaintiff provided no evidence in support of her claim of fraudulent inducement based on opposing counsel's failure to inform the plaintiff's counsel that the stipulation was not limited and/or did not reserve her rights. Even if opposing counsel was aware of the mistake, he owed no duty to disclose it to his adversary (see Matter of Sheng v State of N.Y. Div. of Human Rights, 93 AD3d at 852).
Accordingly, we agree with the Supreme Court's determination to grant that branch of MOPST's motion which was to dismiss the complaint as barred by the doctrine of res judicata, and deny the plaintiff's cross motion.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court