DeSouza v LSREF2 Apex 2, LLC (2019 NY Slip Op 02499)





DeSouza v LSREF2 Apex 2, LLC


2019 NY Slip Op 02499


Decided on April 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11315
 (Index No. 513488/15)

[*1]Garvin DeSouza, appellant, 
v
LSREF2 Apex 2, LLC, et al., respondents.


Law Office of Joseph J. Schwartz, P.C., Brooklyn, NY, for appellant.
McNamee, Lochner, Titus & Williams, P.C., Albany, NY (Kevin Laurilliard of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud, conversion, and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated September 30, 2016. The order, insofar as appealed from, granted the defendants' cross motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2012, the defendant Wells Fargo Bank, National Association (hereinafter Wells Fargo), commenced a mortgage foreclosure action against, among others, the plaintiff. During the pendency of the foreclosure action, Wells Fargo assigned the note and mortgage to the defendant LSREF2 Apex 2, LLC. The foreclosure action was ultimately settled between the parties, with the plaintiff paying the defendants the sum of $916,108.74 in full satisfaction of the amount owed on the mortgage, which was less than the amount a court-appointed referee had computed. The parties executed a stipulation of discontinuance of the foreclosure action "with prejudice," without any reservation of right or limitation of the claims disposed of. The plaintiff thereafter commenced this action against the defendants to recover damages based on the plaintiff's alleged overpayment of the mortgage payoff amount in settlement of the foreclosure action. The defendants cross-moved for summary judgment dismissing the complaint as barred by the doctrine of res judicata based on the stipulation of discontinuance with prejudice. The Supreme Court granted the cross motion, and the plaintiff appeals.
" Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Bayer v City of New York, 115 AD3d 897, 898, quoting Abraham v Hermitage Ins. Co., 47 AD3d 855, 855). " A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is entitled to preclusive effect under the doctrine of res judicata'" (Cora v Ranjan, 98 AD3d 598, 599, quoting Liberty Assoc. v Etkin, 69 AD3d 681,682-683; see Matter of Chiantella v Vishnick, 84 AD3d 797, 798; Matter of Hofmann, 287 AD2d 119, 123).
Here, the defendants established, prima facie, that the issue of the proper amount due under the mortgage loan, which is at issue in this action and was at issue in the prior foreclosure action, was resolved when the foreclosure action was settled and the plaintiff entered into the stipulation of discontinuance with prejudice. Thus, the defendants established, prima facie, that the stipulation of discontinuance with prejudice was entitled to preclusive effect under the doctrine of res judicata so as to preclude relitigation of the issue of the proper amount owed under the mortgage loan.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's challenge, inter alia, to the overall amount owed under the mortgage loan and to whether his payments were properly credited are issues that could have been raised in defense of the foreclosure action.
Accordingly, we agree with the Supreme Court's determination to grant the defendants' cross motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court