Mason v Caruana (2019 NY Slip Op 08039)





Mason v Caruana


2019 NY Slip Op 08039


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


962 CA 19-00337

[*1]ANN MASON, PLAINTIFF-RESPONDENT,
v
ERIC D. CARUANA, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 






THE ZOGHLIN GROUP, PLLC, ROCHESTER (JACOB H. ZOGHLIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
DAVIDSON FINK LLP, ROCHESTER (RICHARD N. FRANCO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered November 21, 2018. The order denied the motion of defendant Eric D. Caruana for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to foreclose on a purchase money mortgage. The original note and mortgage was between plaintiff's now-deceased husband (decedent) and Eric D. Caruana (defendant), but decedent assigned those instruments to himself and plaintiff, jointly. It is undisputed that decedent operated a gas station on the property for decades before he sold it to defendant and, at the time the property was sold, decedent was in the process of remediating the property from contamination caused by the underground tanks. Decedent and defendant executed a "completion agreement," which provided, in pertinent part, that decedent's "responsibility to take remedial action as concerns Spill #0170200 . . . shall terminate at such time as the [New York State Department of Environmental Conservation (DEC)] determines that no further continuation of action as set forth in the Corrective Action Plan is necessary." It is undisputed that a "no further . . . action" letter was issued by the DEC in April 2007.
Years later, when defendant sought to sell the property, he learned that there was still contamination on the property that needed to be remediated. Defendant ceased making payments on the mortgage in order to use that money for "site investigation and remediation." After plaintiff commenced this action, defendant answered and asserted various counterclaims against plaintiff, including counterclaims under the Oil Spill Law (Navigation Law article 12). Defendant thereafter moved for partial summary judgment under the Navigation Law counterclaims, contending that plaintiff was liable as both an owner and a discharger. Supreme Court denied the motion, and we now affirm.
We agree with defendant that plaintiff, as the assignee of a mortgagee, stands in the shoes of decedent and took the mortgage " subject to the equities attending the original transaction' " (Whitney Lane Holdings, LLC v Don Realty, LLC, 130 AD3d 1218, 1219 [3d Dept 2015]; see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 63-64 [2d Dept 2015]; Losner v Cashline, L.P., 303 AD2d 647, 648 [2d Dept 2003]). Plaintiff, as assignee, cannot stand in any better position than decedent, as assignor (see Durham Commercial Capital Corp. v Wadsworth Golf Constr. Co. of the Midwest, Inc., 160 AD3d 1442, 1444 [4th Dept 2018], lv denied 32 NY3d 907 [2018]). Contrary to plaintiff's contention, decedent's role as owner/discharger cannot be distinguished from his role as lender (see generally Davis v Weg, 104 AD2d 617, 618-620 [2d [*2]Dept 1984]; Kelly v Lamontague, 71 AD2d 1016, 1016 [2d Dept 1979]; Umansky v Seaboard Indus., 45 AD2d 1051, 1052 [2d Dept 1974]; Granick v Mobach, 13 AD2d 534 [2d Dept 1961], revg 208 NYS2d 698 [Sup Ct, Westchester County 1960]), and we therefore reject plaintiff's contention that she is the assignee only with respect to decedent's role as a lender. We thus conclude that plaintiff, as the assignee of a discharger, cannot assert the innocent lender exemption to liability established in Navigation Law § 181 (4) (b) (i) (see § 181 [4] [c]), and we agree with defendant that he can assert any defenses and claims against plaintiff that he could have asserted against decedent, but only as an "offset to the amount of [plaintiff's foreclosure] demand" (Granick, 13 AD2d at 534; see Davis, 104 AD2d at 620).
We nevertheless conclude that the court properly denied defendant's motion inasmuch as there are triable issues of fact whether his Navigation Law counterclaims against plaintiff, as assignee of decedent, are precluded by the completion agreement. It is well settled that parties may allocate responsibility and liability for environmental conditions on a property between themselves (see 101 Fleet Place Assoc. v New York Tel. Co., 197 AD2d 27, 30 [1st Dept 1994], appeal dismissed 83 NY2d 962 [1994]), but the language of such an agreement must be strictly construed and must evidence a " clear and unmistakable intent' " to release that liability (Olin Corp. v Consolidated Aluminum Corp., 5 F3d 10, 16 [2d Cir 1993]; see Buffalo Color Corp. v AlliedSignal, Inc., 139 F Supp 2d 409, 420 [WD NY 2001]; see also Umbra U.S.A. v Niagara Frontier Transp. Auth., 262 AD2d 980, 981 [4th Dept 1999]). Defendant, as movant, failed to establish as a matter of law that, by executing the completion agreement, he did not release decedent, and plaintiff as decedent's assignee, "from any and all obligations and liability arising from . . . environmental conditions on the property," or that he did not "waive[] any and all future claims relating to the . . . environmental conditions on the property, including those claims . . . pursuant to Navigation Law
§ [] 181" (Marist Coll. v Chazen Envtl. Servs., Inc., 84 AD3d 1180, 1181 [2d Dept 2011]; see also Umbra U.S.A., 262 AD2d at 981).
Contrary to defendant's contention, we conclude that the court did not abuse its discretion in accepting plaintiff's late responding papers in the absence of any prejudice to defendant (see Associates First Capital v Crabill, 51 AD3d 1186, 1188 [3d Dept 2008], lv denied 11 NY3d 702 [2008]). We do not consider defendant's contention, raised for the first time in his reply brief, that the mortgage foreclosure proceeding should be dismissed because plaintiff allegedly failed to comply with the Fair Debt Collection Practices Act (see generally Turner v Canale, 15 AD3d 960, 961 [4th Dept 2005], lv denied 5 NY3d 702 [2005]). Furthermore, based on our determination, we do not address defendant's remaining contentions.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court