Matter of Solomon v Solomon (2024 NY Slip Op 04774)

Matter of Solomon v Solomon

2024 NY Slip Op 04774

Decided on October 2, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2023-06780
 (Docket No. F-9208-11/22C)

[*1]In the Matter of Dale S. Solomon, appellant,
v
Jeffrey Lance Solomon, respondent.

Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Elizabeth Diesa and Angela A. Ruffini of counsel), for appellant.
Jeffrey L. Solomon, named herein as Jeffrey Lance Solomon, Jericho, NY, respondent pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Joy M. Watson, J.), dated June 12, 2023. The order denied the mother's objections, in effect, to an order of the same court (Lisa M. Williams, S.M.) dated March 24, 2023, which, upon an order of the same court also dated March 24, 2023, after a hearing, granting the father's motion to dismiss the mother's petition, inter alia, for an award of child support arrears, dismissed the mother's petition.
ORDERED that the order dated June 12, 2023, is affirmed, with costs.
The parties were married in 1984 and have two children born in 1990 and 1995. In 2008, the parties were divorced by a judgment which incorporated, but did not merge, a stipulation of settlement. After a hearing in 2018, during which the parties' numerous postjudgment motions were addressed, in an order dated March 26, 2018, the Family Court, inter alia, denied the mother's motion for a money judgment against the father for alleged child support arrears and reimbursement of certain add-on expenses. The mother did not appeal from that order.
In 2022, the mother filed the instant petition to recover the same child support arrears and add-on expenses. The father moved to dismiss the mother's petition based upon the doctrines of collateral estoppel and res judicata. In an order dated March 24, 2023, after a hearing, the Support Magistrate granted the father's motion, and in an order also dated March 24, 2023, the Support Magistrate dismissed the mother's petition. The mother filed objections, and in an order dated June 12, 2023, the Family Court denied the mother's objections. The mother appeals from the June 12, 2023 order.
"'Under the doctrine of res judicata, a disposition on the merits bars litigation between the same parties, or those in privity with them, of a cause of action arising out of the same transaction or series of transactions as a cause of action that either was raised or could have been raised in the prior proceeding'" (Matter of Chodkowski v County of Nassau, 180 AD3d 778, 780, quoting Abraham v Hermitage Ins. Co., 47 AD3d 855, 855). "The doctrine of collateral estoppel, a narrower species of res judicata, precludes a party from relitigating in a subsequent action or [*2]proceeding an issue clearly raised in a prior action . . . and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500).
Contrary to the mother's contentions, the Family Court properly determined that the mother was precluded from relitigating the amount of child support arrears and add-on expenses, if any, allegedly owed by the father, as she failed to prove her entitlement to such relief in the prior proceeding (see O'Brien v City of Syracuse, 54 NY2d 353, 355; Matter of Singer v Windfield, 125 AD3d 666, 668; Modica v Zergebel, 160 AD2d 689, 690; see also Matter of Gowda v Reddy, 105 AD3d 957, 958).
Accordingly, the Family Court properly denied the mother's objections, in effect, to the order of the Support Magistrate which dismissed the mother's petition.
LASALLE, P.J., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court