Beneficial Homeowner Serv. Corp. v Francis (2024 NY Slip Op 04945)

Beneficial Homeowner Serv. Corp. v Francis

2024 NY Slip Op 04945

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-06999
 (Index No. 724290/20)

[*1]Beneficial Homeowner Service Corporation, appellant, 
v
Daniel Francis, respondent, et al., defendants.

Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Lous A. Levithan of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered May 15, 2023. The order granted the motion of the defendant Daniel Francis which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed, without costs or disbursements.
On September 25, 2007, the defendant Daniel Francis (hereinafter the defendant) executed a note in the sum of $467,496.09 in favor of the plaintiff. The note was secured by a mortgage on certain real property located in Queens.
On or about April 30, 2009, the plaintiff commenced an action to foreclose the mortgage against the defendant, among others, and elected to call due the entire amount secured by the mortgage. By stipulation of discontinuance dated September 11, 2009, the plaintiff discontinued the action "with prejudice."
On or about July 20, 2010, the plaintiff commenced this action to foreclose the same mortgage based upon the same note against the defendant, among others. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him, arguing, inter alia, that the action was barred by the doctrine of res judicata because the prior foreclosure action was discontinued with prejudice. In an order entered May 15, 2023, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The Supreme Court properly concluded that this action was barred by the doctrine of res judicata. Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d 760, 761 [internal quotation marks omitted]; see Eaddy v US Bank N.A., 180 AD3d 756, 758). "The doctrine of res judicata bars a party from relitigating any claim which could have been or should have been litigated in a prior proceeding" (Chapman Steamer Collective, LLC v KeyBank N.A., 163 AD3d at 761 [internal quotation marks omitted]). "'A stipulation of discontinuance with prejudice without reservation of right or limitation of the claims disposed of is [*2]entitled to preclusive effect under the doctrine of res judicata'" (Cora v Ranjan, 98 AD3d 598, 599, quoting Liberty Assoc. v Etkin, 69 AD3d 681, 682-683; see DeSouza v LSREF2 Apex 2, LLC, 171 AD3d 702, 703).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court