Vogel v Lorne (2025 NY Slip Op 02294)

Vogel v Lorne

2025 NY Slip Op 02294

Decided on April 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 22, 2025

Before: Webber, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 652003/23|Appeal No. 4154|Case No. 2024-03618|

[*1]Heike M. Vogel, Esq, et al., Plaintiffs-Respondents,
v
Ludmila Peresvetova Lorne, Defendant-Appellant.

Ludmila Peresvetova Lorne, appellant pro se.
Heike M. Vogel, respondent pro se.
Victoria V. Bach, respondent pro se.

Order, Supreme Court, New York County (James E. d'Auguste, J.), entered June 5, 2024, which, to the extent appealed from as limited by the briefs, granted the motion of plaintiffs Heike M. Vogel, Esq. and Victoria V. Bach, Esq., as former partners of Vogel Bach & Horn, LLC, to extend the time to serve the summons and complaint by 120 days and denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.
The court providently exercised its discretion in granting plaintiffs' motion to the extent of extending time to effect service in the interest of justice and denying defendant's motion to dismiss the complaint (see CPLR 306-b; Gjurashaj v ABM Indus. Groups, LLC, 213 AD3d 479, 480 [1st Dept 2023]). Plaintiffs' claim appears to be potentially meritorious, and, without the extension of time, it may be lost due to the running of the statute of limitations (see Fernandez v McCarthy, 183 AD3d 539, 540 [1st Dept 2020]). Conversely, defendant's assertion of prejudice is unavailing (see Galindo v Doherty, 234 AD3d 571, 571 [1st Dept 2025]), and her due process arguments are unconvincing given the nature of the inquiry at the traverse hearing (see Jia Wang v Zhao, 151 AD3d 538, 538 [1st Dept 2017]).
We reject plaintiffs' arguments that this appeal should be dismissed. The issues raised by defendant's appeal from the order's resolution of motion sequence 002 are inextricably intertwined with motion sequence 001 (see Castellon v Reinsberg, 82 AD3d 635, 636 [1st Dept 2011]), and the denial of defendant's motion to dismiss is appealable as of right (CPLR 5701[a][2][v]; see Simmons v New York City Health & Hosps. Corp., 71 AD3d 410, 411 [1st Dept 2010], lv denied 16 NY3d 709 [2011]).
Moreover, plaintiffs' request for sanctions is unavailing. While defendant's arguments are unsuccessful, her conduct was not frivolous within the meaning of 22 NYCRR 130-1.1(c).
We have considered and rejected plaintiffs' remaining claims.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2025